DAVID R. ISRAEL, Respondent, v. UNITED RAILWAYS COMPANY of St. Louis, Appellant.

St. Louis Court of Appeals, April 8, 1913.

1. **STREET RAILWAYS: Negligence: Pleading: Effect of Pleading Negligence Specifically.** In an action against a street railway company for injuries to a building, caused by a street car running off of the track and against the building, where the petition charged specific acts of negligence, in that the car was operated at a high rate of speed, to-wit, thirty miles an hour, and in that it was negligently operated over a switch and caused thereby to jump the track, but no proof of such specific negligence was adduced, it was proper to direct a verdict for defendant, for the reason that, where specific acts of negligence are alleged in the petition, plaintiff can recover only upon proof of such specific negligence.

2. **NEGLIGENCE: Res Ipsa Loquitur: Pleading.** The doctrine of *res ipsa loquitur* is inapplicable where specific acts of negligence are alleged.

3. **STREET RAILWAYS: Negligence: Res Ipsa Loquitur: Pleading.** Where a street car runs off of the track and against a building, the *res ipsa loquitur* doctrine may be invoked, and all

that plaintiff need allege is, that defendant negligently caused and permitted the car to leave the track and strike the building, and upon proof of that fact, it would devolve upon defendant to explain how the accident happened.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm*, Judge.

REVERSED AND REMANDED (*with directions*).

*Boyle & Priest* and *R. E. Blodgett* for appellant.

The court erred in granting plaintiff a new trial because there is no proof of the averments of negligence contained in the petition. Gibler v. Railroad, 148 Mo. App. 475; Evens v. Railroad, 222 Mo. 435; Orcutt v. Century Bldg., 201 Mo. 424.

*J. Butler McCormick* for respondent.

The court erred in sustaining demurrer offered by defendant at the end of plaintiff's evidence, and instructed the jury to find for defendant. Standard, etc., Co. v. White, etc., Co., 122 Mo. 258; Lovell v. Davis, 52 Mo. App. 342; Melton v. Croskey, 111 Mo. App. 18; Farrell v. Transit Co., 163 Mo. App. 454; McCarthy v. Transit Co., 192 Mo. 396; Parker v. Britton, 133 Mo. App. 270. The pleadings in plaintiff's petition are broad and aver "a high and dangerous rate of speed," "negligence and carelessness" and a specific rate of speed which plaintiff was not allowed to prove.

ALLEN, J.—This is an action for damages alleged to have been suffered by plaintiff by reason of the running of one of defendant's cars into a building in which plaintiff was operating a hotel. Plaintiff was not the owner of the building, but was conducting a hotel on the second and third floors thereof, and sues for the loss entailed by the interruption of his business. At the close of plaintiff's case, defendant offered an instruction in the nature of a demurrer to

172 Mo. App.—42

the evidence, which the court gave. Under this in-
struction of the court, the jury returned a verdict in
favor of defendant, and judgment was rendered ac-
cordingly. Thereafter, on motion of plaintiff, the court
set aside the verdict and granted plaintiff a new trial,
from which action of the court defendant has ap-
pealed.

The hotel in question was located on the northeast
corner of Thirteenth and Market streets in the city of
St. Louis, and the tracks of defendant railway company
extend along Market street in front of the building.
The petition charges that "defendant's employees,
agents and servants in charge of a work train of de-
fendant (consisting of one freight car of huge dimen-
sions and one motor or tool car) in the performance
of their duties, were operating and running said work
train on the eastbound track of defendant's said street
railway, and by said Thirteenth and Market streets,
there is a switch owned and constructed by defendant,
which connects with and extends from said eastbound
track, which said switch was likely to cause cars run-
ning thereon to jump the track, unless said cars were
run over and passed said switch in a slow and careful
manner, all of which was known to defendant, its em-
ployees, agents, and servants in charge of said work
train, but that said employees, agents and servants of
defendant in charge of said work train knowing the
dangerous condition of the track, and that said work
train was likely to jump from said track unless op-
erated carefully thereover, at said time negligently and
carelessly operated said work train at a high and
dangerous rate of speed, to-wit, thirty miles an hour
over and across said switch, at said intersection of
Thirteenth and Market streets; and by reason of the
said high and dangerous rate of speed and the negli-
gence and carelessness of defendant's employees,
agents and servants in the operation and running of
said work train one car thereof (the huge freight car)

was caused to and did jump from said track and run into and through the west wall of the storeroom on the first floor of said building, under plaintiff's hotel, etc.''

The answer was a general denial.

It is unnecessary to review the evidence in detail. It was shown that the car in question, which was a large work car, for some reason became uncoupled and broke away from the motor car which was pulling it, left the track and ran into the building in question, tearing a huge hole in it. And plaintiff adduced testimony showing that defendant had no track running into the hotel building, and tending to show that the defendant had no right to operate cars elsewhere than upon its tracks. There is much testimony in the record touching the loss claimed to have been suffered by plaintiff in his hotel business. But the record is barren of any evidence as to what caused the car to leave the track and plunge into the building.

Plaintiff in his petition charges specific acts of negligence, averring that the car was being operated at a high and dangerous rate of speed, to-wit, thirty miles an hour, and that by reason of the said high and dangerous rate of speed, and the negligence of defendant's agents and servants, in the operation and running of the car, the latter was caused to and did jump from the track and run into the building. There is however, no evidence whatsoever to sustain the specific charge of negligence. There is not a single thing in the record showing what was the speed of the car, nor any negligence in its operation by the agents and servants of defendant. Nothing was shown as to the track, except that defendant maintained a switch at this point. This being the case, plaintiff's case as alleged was not proved.

It is a well settled doctrine that where specific acts of negligence are alleged in a petition, plaintiff can recover only upon proof of the specific negligence

charged. [McGrath v. Transit Co., 197 Mo. 97, 94 S.
W. 872; Roscoe v. Metropolitan Street Railway Co.,
202 Mo. 576, 101 S. W. 32; Orcutt v. Century Building
Co., 201 Mo. 424, 99 S. W. 1062; Evans v. Railroad, 222
Mo. 435, 121 S. W. 36; Gibler v. Railroad, 148 Mo.
App. 475, 128 S. W. 791; Beave v. Transit Co., 212 Mo.
331, 111 S. W. 52.]

In the McGrath case, supra, it is said: "But even
if it were a case to which, under proper pleadings, the
doctrine (*res ipsa loquitur*) would apply, yet in this
case specific acts of negligence are charged and not gen-
eral negligence. In such cases where the plaintiff
chooses in the petition to allege specific acts of negli-
gence, the rule of law places the burden of proving
such specific negligence upon the plaintiff, and a re-
covery, if had at all, must be upon the specific negli-
gence pleaded." [Citing cases.]

In Roscoe v. Metropolitan Street Railway, supra,
the court said: "General allegations of negligence are
permitted because plaintiff, not being familiar with the
instrumentalities used, has no knowledge of the spe-
cific negligent act or acts occasioning the injury, and
for a like reason the rule of presumptive negligence
is indulged. But, if plaintiff by his petition is shown
to be sufficiently advised of the exact negligent acts
causing, or contributing to, his injury to plead them
specifically, as in this case, then the reason for the doc-
trine of presumptive negligence has vanished. If he
knows the negligent act, and he admits that he does
so know it by his petition, then he must prove it, and if
he recovers it must be upon the negligent acts pleaded
and not otherwise."

And to like effect are numerous other decisions of
the Supreme Court and the appellate courts of this
State.

It is true that, had plaintiff not pleaded specifi-
cally the negligence which he avers caused the injury,
he would have been entitled to avail himself of a pre-

sumption of negligence, throwing the burden upon the
defendant to explain the unusual and extraordinary
movements of this car. The doctrine of *res ipsa loqui-
tur* might have been invoked, had plaintiff's petition
been drawn alleging the occurrence and negligence gen-
erally. All that it was necessary for plaintiff to al-
lege in this regard was that the defendant negligently
caused and permitted the car to leave the track, at the
point in question, and plunge into the building. It
would then have devolved upon defendant to explain
how it happened.

The ground upon which the court below sustained
the motion for a new trial does not appear. But that
the action of the court in the first instance, in sustain-
ing defendant's demurrer to the evidence, was proper,
there can be no doubt. We have searched the record
in vain for anything tending to prove the specific neg-
ligence alleged in the petition. In the face of the re-
peated rulings of our courts, we are unable to see how
the trial court could have done otherwise. Nor do we
perceive any ground upon which to sustain the later
action of the court in granting a new trial. Plaintiff
might have taken a nonsuit, but the record discloses no
effort to do so; on the contrary, plaintiff allowed the
peremptory instruction to be given, and the verdict of
the jury to be returned in accordance therewith. If
the action of the court in granting the new trial was
upon any ground within its discretion, we would not
be disposed to interfere with the exercise of such dis-
cretion on its part. But from the record before us we
can see nothing to justify the court's action in so do-
ing.

It follows that the judgment of the circuit court
must be reversed, and the cause remanded with direc-
tions to reinstate the motion for a new trial, overrule
it, and enter judgment for defendant on the verdict.
It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* con-
cur.