## CHERRY v. DEALERS TRANSPORT CO. et al.

### No. 1005.

District Court, E. D. Missouri, S. D.

Feb. 27, 1946.

Hal H. McHaney, of Kennett, Mo., for plaintiff.

Finch & Finch and Freeland L. Jackson, all of Cape Girardeau, Mo., for defendant Dealers Transport Co.

HULEN, District Judge.

Defendant, having suffered an adverse judgment for damages, filed its motion for a new trial, and by brief urges in support thereof alleged error in submission to the jury of the question of alleged negligence of defendant as follows:

"If you find and believe from the evidence that the defendant, Dealers Transport Company, through its agent, servant and employee, negligently and carelessly so operated its tractor and semi-trailer while it was being driven in an easterly direction along Highway 84, if you so find, that it ran across the center of the highway and to the north side thereof and off said highway into the road ditch wherein plaintiff was located, running him down and causing the injuries herein complained of, * * *"

This submission was based upon that portion of the petition reading as follows:

"Plaintiff states that defendant, Dealers Transport Company, a corporation, was negligent in that the operator of its automobile tractor and trailer aforesaid, while driving said automobile tractor and trailer in an easterly direction along Missouri

State Highway No. 84, at the time and place aforesaid, and in the regular course of his employment, negligently and carelessly caused or drove said automobile tractor and trailer to run across the center of said highway and to the north side thereof and off said Highway No. 84 into the road ditch wherein the plaintiff was located, running him down and causing the injuries hereinafter more particularly set out, without any negligence whatsoever on the part of the plaintiff."

■ The petition upon which the case was tried pled additional grounds of negligence and one further assignment was submitted to the jury. Defendant's position is that the petition, in the respect quoted, contains a charge of general negligence, and that this charge is coupled with subsequent specifications of particular acts of negligence, and that the plaintiff is therefore confined to the specific acts of negligence and cannot recover upon the general allegation. This general rule is too well known to require authority.

■ The Federal Rules of Civil Procedure, Rule 8, 28 U.S.C.A. following section 723c, state that "technical forms of pleading" are not required and that all pleadings shall be so construed as to do substantial justice. See 9 and 10, Appendix of Forms, attached to the draft of Rules submitted by the Supreme Court to Congress. The Code of Civil Procedure of Missouri, as amended, in the particulars now under consideration follows substantially the language of the Federal Rules, Sections 35 and 36, Page 369, Laws of Missouri 1943, Mo.R.S.A. §§ 847.35, 847.36. Both provide for a "short and plain statement of the facts showing that the pleader is entitled to relief." Whether the Federal Rules of Civil Procedure and the amendments to the Missouri Civil Procedure Code alter the rule of pleading and submission relied upon by the defendant in this case, we do not feel called upon to decide. We doubt if the previous ruling on pleading and submission, relied upon by the plaintiff, will be followed. In the federal courts, the parties now have the right of taking depositions, requiring admissions, and submission of interrogatories to supply information which may not appear in the "short and plain statement of the facts * * *." The language "all pleadings shall be so construed as to do substantial justice" must be given a practical meaning.

Of course, this does not mean, on the one hand, that the plaintiff may by pleading, mislead, entrap, surprise or prejudice his adversary, nor on the other that a party should be permitted to weave a net of artificial refinements and subtle technicalities in which to catch an unwary litigant. In this case there could have been no deception, surprise, prejudice or entrapment of the defendant on the allegations of the petition and the issues submitted under it to the jury. Defendant does not make this claim. We think the submission was in accord with the mandate of the rule that "all pleadings shall be so construed as to do substantial justice." But we prefer to base our ruling on Defendant's motion on other grounds.

■ Under the law as announced prior to the effective dates of the Federal Rules of Civil Procedure and enactment of the new Missouri Civil Code, we conclude that the defendant's assignment is without merit. It is our conclusion that the allegations of the petition referred to by defendant do not constitute a general allegation of negligence in the sense that defendant ascribes to it. The instruction follows the language of the petition. The instruction requires a finding that the plaintiff was in a place where he had a right to be—"a road ditch wherein the plaintiff was located." On this finding by the jury, plaintiff could not have been negligent. The instruction requires an affirmative finding of the act of the defendant in driving its truck onto plaintiff while he was in the position referred to—"negligently and carelessly so operated its tractor and semi-trailer while it was being driven in an easterly direction along Highway 84, if you so find, that it ran across the center of the highway and to the north side thereof and off said highway into the road ditch wherein plaintiff was located, running him down and causing the injuries herein complained of." The jury having found these facts, as it was required to do before it could reach a verdict for the plaintiff on this assignment of negligence, could have reached no other conclusion than that defendant was negligent in the respect submitted.

Similar instructions, based on pleadings like the one in the present case, have been before the Supreme Court of Missouri and there approved when the attack was of the character now being made by the defendant. See Jones v. Central States Oil Co., 350 Mo. 91, 164 S.W.2d 914, and Thompson

v. Keyes-Marshall Bros. Livery Co., 214 Mo. 487, 113 S.W. 1128.

We have examined the cases cited by the defendant and are unable to agree that they sustain defendant's position. In the case of Alley v. Wall, Mo. App., 272 S.W. 999, the court in effect said that a petition which describes the act, the doing of which caused the injury for which recovery is prayed, and avers generally that the act was negligently and carelessly done, is sufficient. Certainly the petition and the instruction in the present case meet this test. In the case of Rogles v. United Rys. Co., Mo.Sup., 232 S.W. 93, the Court observed, there being abundant evidence of negligent acts on the part of the defendant, both of commission and omission (and no one should be heard to say different of the facts in the present case) in operating a truck, it was held that the plaintiff's instructions were not objectionable in following the language of the charge of negligence in the petition. The Court held that the charge was specific enough if it was confined to negligence in operating and controlling the truck. Such was the charge in the case under consideration, to which was added the location of the plaintiff in a place where he had a right to be. The case of Israel v. United Rys. of St. Louis, 172 Mo.App. 656, 155 S.W. 1092 has no bearing on the question under consideration. The case was reversed because the evidence failed to sustain the specific charge of negligence contained in the petition. Nor does the case of Applegate v. Quincy O. & K. C. R. Co., 252 Mo. 173, 158 S.W. 376 constitute authority for the defendant's position in this case other than to announce the general rule of law relied upon by the defendant. The defendant in the Applegate case sought to make use of the rule for an entirely different purpose than that which actuates the defendant in the case at bar. State ex rel. Anderson v. Hostetter, 346 Mo. 249, 140 S.W.2d 21 was a certiorari proceeding by which the decision of the St. Louis Court of Appeals in the case of Anderson v. Kraft, 129 S.W.2d 85, was reviewed and the writ quashed. The point decided, which we assume is the reason for the defendant citing the case, was an attempt by the plaintiff to save a faulty pleading which attempted to charge specific negligence by resort to the rule that where a charge of general negligence is made, in the absence of a motion to make more definite and certain, the pleading is good. We see no application of this case to the present controversy. The opinion of the Court of Appeals reversed and remanded the case because an instruction submitted an issue outside the cause of action stated in the petition. We have read the case of Burneson v. Zumwalt Co., 349 Mo. 94, 159 S.W. 2d 605, 606. In this case the Court states the general rule of submission and recovery, where a general allegation of negligence is pled, and then proceeds to hold that the instruction required a finding in the conjunctive of specific negligence with the general negligence charge. The judgment of the lower court for the plaintiff was affirmed. We fail to find where this case lends any weight to the defendant's contention.

It is our conclusion that the instruction complained of is not subject to the charge that the allegation of the petition upon which it is based was a general charge of negligence. No further assignments are argued by the defendant in brief submitted.

Defendant's motion for a new trial is overruled.