## HENION v. NEW YORK, N. H. & H. R. CO.

(Circuit Court of Appeals, Second Circuit. April 8, 1897.)

1. MASTER AND SERVANT—RULES GOVERNING EMPLOYES—EVIDENCE.

A station master who has, for several weeks, been employed at a station located at a curve of the road, may be presumed to be familiar with the manner in which trains are allowed to approach the curve, and to have assumed the risk thereof, so far as it concerns his work; and in an action for injuries caused by his being struck by a train while in performance of his duties, it is not error to exclude evidence of the rules of other companies governing engineers as to the manner of approaching curves.

2. SAME—SAFETY OF EMPLOYE'S PLACE OF WORK—BAGGAGE PLATFORM—EVIDENCE.

Whether a railroad platform was reasonably safe for employés handling baggage, or whether it was dangerous, because too narrow, or located too near the track, may be determined by the jury from the facts; and evidence showing how the platforms of other companies are constructed is incompetent.

3. SAME—ASSUMPTION OF RISK—CHARGES.

Where the charges given eliminate from the case the issue whether the employé had assumed the risk of the dangers causing the injury, plaintiff is not prejudiced by a refusal to charge propositions of law bearing on that issue.

In Error to the Circuit Court of the United States for the Southern District of New York.

Hahn, Myers & Bronner, for plaintiff in error.
Henry W. Taft, for defendant in error.

Before PECKHAM, Circuit Justice, and WALLACE, Circuit Judge.

WALLACE, Circuit Judge. This is a writ of error by the plaintiff in the court below to review a judgment for the defendant entered upon the verdict of a jury. The action was brought by the plaintiff, as administratrix of Thomas A. Henion, deceased, to recover damages for his death, which it was alleged was caused by the negligence of the defendant. The deceased was a station master in the employ of the defendant, and as such it was his duty to receive and deliver the baggage of passengers arriving by the defendant's trains at Noroton station, Conn. He was struck by the locomotive or some one of the cars of an express train while he was handling a trunk which had

arrived by a previous train, and received injuries from which he afterwards died. It was alleged that the defendant was negligent, because it had provided an unsafe place for the work which the deceased was employed to perform, and had failed to make proper regulations for the conduct of the train by which he was injured.

Error is assigned of the rulings of the trial judge in excluding testimony offered by the plaintiff, and of his refusal to instruct the jury as requested by the plaintiff. The bill of exceptions sets forth "all the evidence in any way material to any of the facts in issue."

It appeared in evidence that the deceased had been in the service of the defendant for about four years, and had been station master at the place of the accident for several weeks; that the train by which he was struck was an express train, which did not stop at his station, and was passing at its usual time and rate of speed; and that upon approaching the station the whistle of the locomotive had been blown at the whistling post, and then the bell was rung while the train passed; these being the regular signals indicating the approach of the train. There was a conflict of evidence as to the place where the deceased was when he was struck by the train; the evidence for the plaintiff tending to show that he was standing upon the platform, near the edge, and was putting a trunk upon a truck; and that for the defendant tending to show that he was standing, with the trunk upon his shoulder, between the platform and the tracks, so near the tracks that he was struck by the pilot frame of the locomotive. The platform had been very recently built, and was intended for temporary use pending changes in the roadbed of the railway, which were not completed at the time. It was opposite the station house, located upon a curve in the roadbed, was substantially on a level with the tracks, was 5 feet wide and 240 feet long, extended to within about 24 inches of the nearest rail at one side, and had an embankment and railing at the other side except where a flight of steps led up to the station house. The truck used for removing baggage was about 4 feet wide.

Testimony was offered by the plaintiff for the purpose of showing the rules adopted by other railroad companies governing the conduct of engine men in approaching a curve, and what was the standard of such companies as to width and elevation of baggage platforms. The trial judge excluded the testimony.

We think there was no error in excluding this testimony. It is the duty of the master to supervise, direct, and control the operation and management of his business so that his servants shall not be subjected to needless risks through his own methods of carrying it on; and consequently the law imposes upon a railroad company the duty towards its employés, not only of furnishing proper and reasonably safe appliances and machinery, and experienced and careful co-employés, but also of making and enforcing rules which, if faithfully observed, will protect them against unnecessary danger. If the deceased had been a new employé of the defendant, ignorant of its rules for the conduct of its trains in approaching the curve in question, possibly it might have been pertinent to ascertain whether they were such as were generally adopted by railroad companies for the

purpose of showing whether they were proper and adequate ones for the protection of the defendant's employés. But the deceased had been station master upon this particular curve for so long a time that it is to be presumed he was familiar with the mode by which the defendant permitted its trains to approach it, and, that being so, the law presumes that he assumed all the risks incidental to that mode of approach, so far as they had any relation to the duties he was to perform. Any evidence, therefore, tending to show that a safer mode might have been pursued, would not have been of the slightest value.

Some of the testimony which was excluded, offered for the purpose of showing how the platforms of other railroad companies were generally constructed, was subsequently introduced by the plaintiff, and she was permitted to prove what was the width of the platforms in use on railroads of approved construction. Inasmuch as the platform in question was a temporary affair, it is difficult to see in what view any of this evidence was material. But we think it was all incompetent upon another ground. If the defendant failed to provide the deceased with a reasonably safe place for the work which was expected of him, it was because the platform was too narrow, and located too near the tracks; and whether, because of these features, it was a dangerous or a reasonably safe place, was a matter which could be determined by a jury without the aid of any comparisons with other platforms, or of any expert testimony. When the facts can be placed before a jury, and they are of such a nature that juries generally are just as competent to form opinions in reference to them and draw inferences from them as witnesses, there is no occasion to resort to opinion evidence.

The trial judge, in submitting the case to the jury, after instructing them that the plaintiff, in order to recover, must satisfy them by a fair preponderance of proof that the accident occurred by some negligence on the part of the defendant, that it was the duty of an employer to all persons whom he employs to provide a place reasonably safe for them to discharge the particular duties that are laid upon them, and that the first question for them to determine was whether this duty had been performed in the present case, instructed them that the case presented a question of fact for their determination whether the platform was a reasonably safe place for the use of the defendant's employés, in view of its location, dimensions, proximity to the tracks, and the nature of the duties which were to be performed upon it; and that, if it was not, the defendant was guilty of negligence. Upon the question of the contributory negligence of the defendant he instructed them that, if they found that the platform was an unsafe place at the time when trains were passing, it was a question of fact for them to determine whether the deceased, in undertaking to discharge his duties there, was himself negligent, either in choosing the time to work, or in failing to watch for the train, or in stepping down upon the track, or between the track and platform, in doing the work.

The instructions which were requested on behalf of the plaintiff and were refused by the trial judge, aside from those not substantially covered by the instructions which had been already given, were

to the effect that it was the duty of the defendant to give the deceased adequate warning of the approach of the train, if, under the circumstances of the case, there was risk of injury to him in discharging the duties to which he had been assigned; that it was the duty of the deceased not to abandon his post, but to remain there for a reasonable time, until he could complain of its dangers to his employer, and require them to be obviated; and that it was a question for the jury whether, by reason of his remaining, he assumed the risks of the situation.

We think the instructions given were exceedingly favorable to the plaintiff, and that those refused were quite unnecessary, and their refusal was not prejudicial to the plaintiff. Upon the evidence there was no dispute that the defendant had given the deceased adequate warning of the approach of the train, the train having approached in the customary manner, and with the usual signals, with all of which the deceased was familiar. The trial judge might properly have instructed the jury that it was a question for them to determine whether the deceased, by remaining in the employment of the defendant with knowledge of the situation and the risks, had not consented to assume the hazards; but he did not give them that instruction, and eliminated any such issue from the case. The plaintiff therefore had no reason to complain that he refused to charge the propositions of law specifically requested bearing upon that issue. His instructions in regard to the negligence of the defendant presented the real issue as to that branch of the case. Those in respect to the negligence of the deceased narrowed the issue to the single question whether the deceased failed to exercise the care of a prudent man in attempting to do his work as he did, when, by reason of the approach of the train, and the facilities of the platform, the place selected was unsafe.

We have not attempted to discuss in detail all the questions presented by the assignments of error. We have considered those which have any color of merit, and are satisfied that none of the exceptions by the plaintiff were well taken.

The judgment is affirmed.