# TEXAS AND PACIFIC RAILWAY COMPANY *v.* BEHYMER.

## ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 224. Argued March 20, April 6, 1903.—Decided April 20, 1903.

In an action for personal injuries sustained by a brakeman by falling from a car, where the claim was based upon negligence in stopping the car suddenly with knowledge of his position and of the slippery condition of the roof of the car, and also upon the projection of a nail in the roof of the car which increased the danger and contributed to his fall, *held*, there was no error in the court declining to rule that the chance of such an accident was one of the risks assumed by the plaintiff, or that the question whether the defendant was liable depended on whether the freight train was handled in the usual and ordinary way. It was proper for the court to leave it to the jury to say whether the train was handled with due care.

THE case is stated in the opinion of the court.

*Mr. D. D. Duncan* for plaintiff in error. *Mr. John F. Dillon* and *Mr. Winslow S. Pierce* were on the brief.

*Mr. Cone Johnson* for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action for personal injuries brought by an employé against a railroad company. It was tried in the Circuit Court, where the plaintiff had a verdict. It then was taken to the Circuit Court of Appeals on a writ of error and bill of excep-

tions by the company, 112 Fed. Rep. 35, and now is brought here on a further writ of error, the company being a United States corporation. A good deal of the argument for the railroad is devoted to disputing the testimony of the plaintiff below and arguing that the verdict was excessive, but of course we have nothing to do with that. *New York, Lake Erie & Western Railroad v. Winter*, 143 U. S. 60, 75; *Lincoln v. Power*, 151 U. S. 436. We must assume the most favorable statement of the plaintiff's case to be true, unless some particular request for instructions makes it necessary to deal with conflicting evidence. That statement may be made in a few words.

Behymer had been in the employ of the company as a brakeman about three months. On February 7, 1899, at Big Sandy, in Texas, he was ordered by the conductor of a local freight train to get up on some cars standing on a siding and let off the brakes, so that the engine might move them to the main track and add them to the train. The tops of the cars were covered with ice, as all concerned knew. He obeyed orders; the engine picked up the cars, moved to the main track and stopped suddenly. The cars ran forward to the extent of the slack and back again, as they were moving up hill. The jerk upset Behymer's balance, the bottom of his trousers caught in a projecting nail in the running board and he was thrown between the cars. It is true that the jury might have drawn a different conclusion from his evidence or have disbelieved it in essential points, but they also were at liberty to find, as they must be taken to have found, that the foregoing statement is true. The car belonged to another road but was in the charge of the defendant company, and, according to the statement of the counsel for the plaintiff in error, had been inspected before the accident, although we should have doubted whether the testimony meant to go so far. Behymer based his claim upon negligence in stopping the cars so suddenly with knowledge of his position and the slippery condition of the roof of the car, and upon the projection of the nail, which increased the danger and contributed to his fall. It should be added that by a statute of Texas if there was negligence the fact that it was the

negligence of a fellow servant was not a defence. General Laws, Texas, 1897, Special Session, c. 6, § 1; 2 Sayles, Texas Civil Stat. 1897, art. 4560 *f.*

The fundamental error alleged in the exceptions to the charge is that the court declined to rule that the chance of such an accident as happened was one of the risks that the plaintiff assumed, or that the question whether the defendant was liable for it depended on whether the freight train was handled in the usual and ordinary way. Instead of that, the court left it to the jury to say whether the train was handled with ordinary care, that is, the care that a person of ordinary prudence would use under the same circumstances. This exception needs no discussion. The charge embodied one of the commonplaces of the law. What usually is done may be evidence of what ought to be done, but what ought to be done is fixed by a standard of reasonable prudence, whether it usually is complied with or not. *Wabash Railway Co.* v. *McDaniels*, 107 U. S. 454. No doubt a certain amount of bumping and jerking is to be expected on freight trains, and, under ordinary circumstances, cannot be complained of. Yet it can be avoided if necessary, and when the particular and known condition of the train makes a sudden bump obviously dangerous to those known to be on top of the cars, we are not prepared to say that a jury would not be warranted in finding that an easy stop is a duty. If it was negligent to stop as the train did stop, the risk of it was not assumed by the plaintiff. *Texas & Pacific Ry.* v. *Archibald*, 170 U. S. 665, 672.

However, the plaintiff did not rely on the management of the train alone. The projecting nail was another element in his case. The jury were instructed with regard to that, that the railroad company was not liable unless there was a nail there improperly projecting, and a reasonable inspection would have discovered and remedied the defect. The car was in the custody of the company. There is no suggestion that the company had not had an opportunity to inspect, and the contrary was assumed by a request for instructions on the part of the company. Indeed, as we have said, its counsel interprets the evidence as meaning that the car had been inspected before

the accident. It is not pressed that there was error on this point. See *Mackin* v. *Boston & Albany Railroad,* 135 Massachusetts, 201 ; *Glynn* v. *Central Railroad,* 175 Massachusetts, 510, 512. The jury were instructed properly on the subject of assumption of risks and contributory negligence, and we think it unnecessary to deal more specifically with this part of the case.

.It was argued that Behymer had aggravated the injury by refusing proper surgical treatment. With regard to this the jury were instructed in substance, but at more length, that it was his duty to submit to all treatment that a reasonably prudent person would have submitted to in order to improve his condition, and that no damages could be allowed which might have been prevented by reasonable care. It is suggested that, as a prudent man, he might have postponed recovery from his injury to recovery of damages. The instructions plainly excluded such a view. The argument hardly is serious. We have examined all the minute criticisms on the rulings and refusals to rule, and discover no error. We deem it unnecessary to answer them in greater detail.

*Judgment affirmed.*