(122 App. Div. 428.)

### LYNCH v. AMERICAN LINSEED CO.

(Supreme Court, Appellate Division, Second Department. November 29, 1907.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—NEGLIGENCE OF MASTER—QUESTION FOR JURY.

     In an action for injuries to a servant from being drawn into the leg of an elevator for elevating grain, evidence *held* to present a question for the jury whether the master was negligent in not taking reasonable precautions to prevent such an accident, if it could reasonably have been foreseen.

2. SAME—PLACES REQUIRED FOR WORK—CARE REQUIRED OF MASTER.

     The fact that a servant fully appreciated the danger incident to his employment does not relieve the master from every reasonable care and

precaution to guard against every probable danger to the servant, since it is the duty of the master to furnish a safe place for his employés.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 171–173, 179.]

3. SAME—EVIDENCE—SUFFICIENCY.

In an action for injuries to a servant from being drawn into the leg of an elevator, evidence that certain devices, which could have been easily provided, would have been a considerable protection, is sufficient to sustain a finding that defendant was negligent in failing to provide such devices.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 958–965.]

4. SAME—CONTRIBUTORY NEGLIGENCE.

In an action for injuries to a servant, evidence examined, and held to show that the servant in no way contributed to the injury.

5. DAMAGES—PERSONAL INJURIES—EXCESSIVE.

Where plaintiff's legs were crushed and mangled by being drawn into the leg of an elevator, so that he suffered injuries confining him to the hospital for months, and after employing many doctors he still suffered and was crippled for life, a verdict for $20,000 was not excessive.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, §§ 372–396.]

Appeal from Trial Term, Richmond County.

Action by Jeremiah F. Lynch against the American Linseed Company. From a judgment for plaintiff, and an order denying defendant's motion for a new trial, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ..

Frederick Hulse, for appellant.

Richard J. Donovan (Herbert D. Cohen, on the brief), for respondent.

WOODWARD, J. This case comes on appeal for the third time. On the first trial a verdict was awarded the plaintiff in the sum of $10,000. The judgment entered thereon was reversed on the ground that the plaintiff had assumed the risk, and a new trial was ordered. 95 App. Div. 628, 88 N. Y. Supp. 1106. On the second trial the jury gave the plaintiff a verdict for $5,000; the complaint was dismissed after the verdict was rendered, the court having reserved its decision on a motion to dismiss, and from the order and judgment entered thereafter the plaintiff appealed to this court, by which the judgment and order were unanimously reversed, and a new trial ordered. Lynch v. American Linseed Co., 113 App. Div. 502, 99 N. Y. Supp. 260. On the third trial a verdict was found for the plaintiff in the sum of $20,-000, and from the judgment entered thereon comes this appeal. The action is for negligence; the plaintiff alleging injuries which have made him a cripple for life. The injuries are conceded, but as to its responsibility therefor the defendant sets up a general denial.

The plaintiff was employed by the defendant in unloading a barge of linseed at their works in Port Richmond, S. I. The grain was hoisted into the warehouse by means of an elevator; the leg of the shaft being sunk deep into the grain in the boat. In the elevator was an endless chain of steel buckets which revolved with such rapidity

as to become virtually invisible. The seed was about four feet below the deck, and as soon as the grain around the bottom of the shaft was exhausted the men would go down to shovel the seed toward the leg, which as it continued to drop would then draw up the grain as before. Sometimes before the grain around the leg was fully exhausted the linseed which, according to the testimony, was of all seeds "the quickest with life," would by its own gravity slide down with such force toward the open space that a man might be carried with it into the lower part of the leg, a space about 2 feet wide by 2½ feet high, where the buckets could be seen to revolve. The upper part of this space was sometimes covered by a slide, but this, it appears, was often down, and the plaintiff, who had been employed at this work but a few hours, claims that he had never seen this space uncovered until the time he was injured.

On the day of the accident the plaintiff, with others, was ordered below to shovel grain into the leg. It seems that the only way of descending to the hold was through the hatch in which the elevator was running. The opening was just large enough to admit a man's body, and there was nothing to go down by except the combing of the hatch and the elevator leg. The plaintiff, following the example of the other workmen, put one hand on this combing and the other on the elevator, and let himself down into the seed. The suction, caused by a sudden exhaustion around the bottom of the leg, drew him feet foremost into the unprotected part of the elevator beneath the seed. The revolving steel buckets mangled his legs and crushed the bones, and, as it was some time before the machine could be stopped, he suffered injuries which have crippled him for life. He was in the hospital for months, and has tried many doctors, but still suffers. Whether the defendant was negligent was a question for the jury. The defendant assumes that the danger was fully appreciated by the plaintiff, but that, however, does not relieve the defendant from every reasonable care and precaution to guard against every probable danger to its servant. The employer necessarily assumes the duty of furnishing a safe place for his employés. The assumption of his work by the employé always presupposes the adequate protection by the master from all avoidable danger. The place where the plaintiff was forced to work proved to be unsafe and dangerous, and the testimony of the defendant's witnesses that they had never known of a similar accident only disproves the defendant's contention that the danger was so obvious as to place the whole risk upon the plaintiff.

The question is: Were any precautions omitted which a prudent man would be likely to have taken to avoid accident and to obviate danger. If, as the defendant argues, reasonable care is here to be construed from what is customary, then surely he has little to sustain him. From the new testimony, which I consider very important, brought out at the last trial, much of it by the defendant's own witnesses, it appears that additional bars and rungs would have been a considerable protection; also, that such could easily have been provided, and that they were in use at several other elevators belonging to other companies. The jury was therefore authorized to find the defendant negligent because of their omission. Reasonable care is what ought to have been

observed. It was shown that there was no ladder on the leg; that such a ladder was important, and could very easily have been provided. The defendant holds that, because of the omission of such rungs, it does not follow that the accident would not have happened. I think, however, that it is safe to consider such omission as one of the proximate causes. If the facts of the situation were such that an accident could reasonably have been foreseen by the employer, and if, also, it appears that no reasonable precaution was taken to prevent such accident, the plaintiff is entitled to recover. The jury so found, and I fail to see how they could have done otherwise.

In Texas & Pacific Ry. Co. v. Behymer, 189 U. S. 468, 23 Sup. Ct. 622, 47 L. Ed. 905, the court says:

"What usually is done may be evidence of what ought to be done, but what ought to be done is fixed by a standard of reasonable prudence, whether it usually is complied with or not."

Of such reasonable prudence the defendant was able to furnish no proof. Furthermore, what was a reasonably safe place was for the jury to determine.

The case of McGovern v. Central Vermont R. R. Co., 123 N. Y. 281, 25 N. E. 373, in many respects like the case at bar, holds that:

"The place in which the master required the servant to work was clearly unsafe, and it was a question for the jury to determine whether the master had adopted all reasonable precaution to shield him from the danger he was exposed to in the place assigned to him for labor, before requiring him to occupy that place."

The defendant's point that there were others who used an elevator similar to that used by him does not relieve him of his responsibility, for, as in the case of Gottlieb v. N. Y., L. E. & W. R. R. Co., 100 N. Y. 462, 3 N. E. 344, "the defect was an obvious one, easily discoverable by the most ordinary inspection."

It is plain, furthermore, that the plaintiff, who was an ignorant laborer, having been engaged in this work for only a few hours, should not have been expected to fully appreciate the danger of the place. Nor does it follow that, if he had been warned and had had a thorough appreciation of the danger, he would have been able, under the circumstances, to save himself from the rapidly moving linseed, for it was shown that when the linseed was hardened into cakes, as was often the case, it had a tendency to fall in masses, and it was partly to this that the accident was due. The leg therefore should have been guarded.

There was much new testimony by experts to the effect that bars across the opening would not have interfered with the operation of the machinery, while it would have given adequate protection to the men. It was shown, too, that the plaintiff in no way contributed to the accident. Being a new man, he followed the procedure of the other workmen, and as he was being drawn down by the falling seed he did all he could to save himself. He used ordinary diligence and due care, and more should not be required of him. The defendant, on the other hand, should have known that it was only a question of time when such an accident would happen. Inasmuch as they failed to warn

the plaintiff and to provide proper means and methods of access and
adequate protection, and also because they sent down the laborers
while the machinery was running and before the seed around the leg
was sufficiently exhausted, and, furthermore, because they failed to
have a leg tender, such as was employed at other places, and to provide
a method to stop the machinery quickly in case of accident, the de-
fendant is clearly responsible. In view, also, of the plaintiff's terrible
injuries, which, after six years, still render him unable to earn his
living, and of his prolonged suffering, I do not consider the verdict ex-
cessive.

The judgment and the order appealed from should be affirmed, with
costs. All concur.