POTLATCH LUMBER CO. v. HARKINS.

(Circuit Court of Appeals, Ninth Circuit. October 6, 1914. Rehearing Denied November 17, 1914.)

No. 2374.

1. MASTER AND SERVANT (§ 270*)—ACTION FOR INJURY TO SERVANT—EVIDENCE —PROOF OF USAGE.

In an action to recover for the injury or death of an employé, charged to have been due to the negligence of the employer in using a machine which was unsuitable for the purpose to which it was applied, it is competent for plaintiff to show that such use was not customary, where evidence is also introduced to show that the machine, when so used, was more dangerous to employés than those in common use.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 913– 927, 932; Dec. Dig. § 270.*]

2. EVIDENCE (§ 471*)—SUBJECTS OF EXPERT TESTIMONY—NEGLIGENCE.

In such suit an objection was properly sustained to questions on cross-examination calling for the opinion of the witness as to whether the manner in which the work was done was not the most "practicable," and as to whether the machine was not "reasonably safe."

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

3. MASTER AND SERVANT (§ 293*)—ACTION FOR INJURY TO SERVANT—INSTRUCTIONS.

Instructions given in an action for injury to an employé considered, and, taken together, *held* not erroneous.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1148– 1156, 1158–1160; Dec. Dig. § 293.*]

In Error to the District Court of the United States for the Northern Division of the District of Idaho; Frank S. Dietrich, Judge.

Action at law by Susan Harkins against the Potlatch Lumber Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Edward J. Cannon, George M. Ferris, and Charles E. Swan, all of Spokane, Wash., Walter H. Linforth, of San Francisco, Cal., and Black & Wernette, of Cœur d'Alene, Idaho, for plaintiff in error.

Robert H. Elder and Ed. S. Elder, both of Cœur d'Alene, Idaho, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and WOLVERTON, District Judge.

GILBERT, Circuit Judge. The defendant in error recovered a judgment against the plaintiff in error for damages on account of the death of her husband, who was killed while employed by the plaintiff in error in skidding logs. The crew of which the deceased was a

member was engaged in skidding logs with a Marion steam loader. The deceased, with two others, had dragged the cable with which the logs were skidded out about 400 feet, to a point where they attached the cable to a log. The men, under the direction of the foremen, stationed themselves at intervals alongside and near the route the log was to travel. This was done for the purpose of signaling to the engineer. The timber was on a hillside, with a grade of about 10 per cent. As the log was being hauled in, it started to run, and in its course it struck and upset a tree, which fell upon the deceased. Negligence is alleged, in that the Marion steam loader was not suitable or adapted to be used as a skidding machine, and was not equipped with the proper appliances commonly used on skidding machines, and was a dangerous, unsafe machine for performing the work of skidding logs, in that it was not provided with a whistle cord or any device for the purpose of giving signals, and was not provided with a haul-back line.

Error is assigned to the denial of the motion of the plaintiff in error for an instructed verdict in its favor, on the ground that there was no proof that the death of the deceased was caused by the negligence of the plaintiff in error, that the Marion steam loader was a reasonably safe machine, such as was in general use throughout the country, and that the deceased assumed all risks and dangers incident to the operation thereof. It is now argued that the evidence shows conclusively that the machine so used and the methods adopted at the time of the accident were the same as those adopted and used under similar circumstances and conditions all over the country, and that common usage is the supreme test of due care in the selection of appliances and the adoption of methods for conducting one's business. But this argument ignores testimony which tended to prove that, while the machine was in general use for loading logs on cars, it was not used for skidding purposes, and that increased hazard attended its use for that purpose. We are not convinced, therefore, that the court below erred in denying the motion, there being testimony to go to the jury tending to show the negligence of the plaintiff in error; testimony to the effect that the Marion steam loader was not commonly or generally used for skidding purposes; that it was a loading machine, and intended to be used only in loading on a car logs lying within a radius of 75 feet therefrom, and by means of a short cable. There was testimony of men of experience in logging that they had never seen the machine used for skidding purposes; that when so used there was no way of giving signals, except by shouting or waving the hand; that a machine used for skidding is equipped with a whistle cord for signaling purposes and a haul-back line; that such a machine has two drums, one for the cable which draws the log, the other for the haul-back line; and that the haul-back line is used for two purposes, one to carry the cable out into the timber, the other to hold the log in its course as it is being drawn by the cable. There was evidence that, if a haul-back line had been used in drawing the log which occasioned the death of the deceased, the log would have been held to its course and the accident would not have occurred.

[1] It is true that employers are not insurers, and that the party charging negligence does not prove it merely by showing that the machine is not in common use, for it may be that the machine used is safer than those which are in common use; but it is competent to show that the machine is unusual, and at the same time more dangerous than those in common use. Although there is conflict in the decisions, the better doctrine is well stated by the Circuit Court of Appeals for the Third Circuit in American Locomotive Co. v. White, 205 Fed. 260, 123 C. C. A. 464, as follows:

"The part that usage should play in controversies like the case before us has been much debated, and the decisions thereon have by no means been uniform. Confining ourselves for the present to the point now in issue, we state as our opinion that a servant may be permitted to prove the common usage of the business, when he charges the master with negligence in doing some act that departs from the usage; but the proof should be accompanied by evidence that the departure complained of has increased the danger. The increased danger may appear from the circumstances of the act in controversy, or (in a proper case) it may be shown by the direct testimony of witnesses."

See, also, Chicago & Great Western Ry. Co. v. Egan, 159 Fed. 40, 86 C. C. A. 230; McGeehan v. Hughes, 217 Pa. 121, 66 Atl. 238; Giraudi v. Electric Imp. Co., 107 Cal. 120, 40 Pac. 108, 28 L. R. A. 596, 48 Am. St. Rep. 114.

As to assumption of risk, it does not appear from the evidence that the deceased so appreciated the risk of his employment that the case should have been taken from the jury. The deceased had been working as a carpenter about the logging camp, and about two weeks before the accident he had been assigned to work at skidding logs with the Marion steam loader. Prior to that time, he had done no work with that kind of machine. The court, under proper instructions, submitted to the jury the question whether he assumed the risk.

[2] It is assigned as error that the court sustained the objection to the question asked the witness Younkin on cross-examination:

"As a matter of fact, they were doing that work there that morning in the most practicable and customary and usual manner under the circumstances. Isn't that true?"

The objection was sustained on the ground that the question was leading, and the court said that he would not permit either side to ask leading questions of the witness, inasmuch as he was then the foreman in the employment of the plaintiff in error and was the son-in-law of the defendant in error. We need not discuss the ground on which the ruling was made. We think there was no error, for the reason that the question called for the opinion of the witness as to whether or not the method of doing the work was the most "practicable." In 17 Cyc. 56, it is said:

"The issue of negligence can in most cases well be determined by the judgment of a jury, and the inference, conclusion, or judgment of witnesses is rejected. This rule has been applied, for example, * * * as to conduct—as whether it was cautious, dangerous, in the line of duty, necessary, negligent, proper, prudent, reasonable, professionally skillful, safe, usual, or unusual, and whether such conduct constituted good management."

Decisions in point are Atchison, T. & S. F. R. Co. v. Myers, 63 Fed. 793, 11 C. C. A. 439; Hunt v. Kile, 98 Fed. 49, 38 C. C. A. 641; Seese v. Northern Pacific R. Co. (C. C.) 39 Fed. 487; Inland & Seaboard Coasting Co. v. Tolson, 139 U. S. 551, 11 Sup. Ct. 653, 35 L. Ed. 270; Henion v. New York, N..H. & H. R. Co., 79 Fed. 903, 25 C. C. A. 223.

The foregoing considerations and authorities are applicable, also, to the contention that the court below erred in sustaining objections to questions propounded to witnesses as to whether or not the machine known as the Marion steam loader was a reasonably safe machine for the purpose of skidding logs within a radius of 500 feet.

[3] At the close of the instructions to the jury, counsel for plaintiff in error excepted to that portion thereof "which stated that the question for the jury to decide was whether the use of the Marion steam loader as it was being used at the time of this accident was more hazardous than if used with a haul-back." The court expressed his understanding that the charge had not been so given, and in fact it had not. The court said:

"To explain: Suppose the defendant had employed some other method by which certainly this accident could not have happened, and yet that method had been attended with danger of other accidents; that is, accidents of different kinds. As an illustration, if horses had been employed for hauling in these logs, this particular accident, of course, would not have occurred. It could not have occurred in just this way; but the question still remains whether this method is more hazardous, and unreasonably hazardous—more hazardous than the method of skidding the logs by the use of horses. So, referring to the matter of using a signal device and haul-back line, possibly this particular accident might have been avoided. But you would not be justified in concluding that this is an improper method, or a negligent method, simply or merely from the fact that you may conclude that this accident could have been avoided. The question still remains for you to answer, namely, whether this method was more hazardous than the other referred to, namely, the haul-back."

We find no error in the instructions so given, especially when it is considered in the light of the other instructions, which covered all questions involved in the case. It was necessary for the court to submit to the jury the question whether the machine in use was unusual, and whether it was more hazardous than the machine equipped with a haul-back line. We find no error.

The judgment is affirmed.