KEMMERER v. READING CO.

(Circuit Court of Appeals, Third Circuit. December 30, 1926.)

No. 3481.

**Master and servant ⚖ 135—Railroad, operating shifting engine and car in customary manner, held not liable for death of section hand (Employers' Liability Act [Comp. St. §§ 8657–8665]).**

Railroad, operating shifting engine and car in ordinary and customary manner, is not liable, under federal Employers' Liability Act (Comp. St. §§ 8657–8665), for death of section hand resulting therefrom, when there is no positive proof of negligence.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Action by Maggie Kemmerer, as administratrix of the goods, chattels, rights, and credits which were of Henry Kemmerer, deceased, against the Reading Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Charles A. Ludlow, of New York City, for plaintiff in error.

Wm. Clarke Mason, of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. In this action brought under the federal Employers' Liability Act to recover for death, the defendant had a verdict and the plaintiff sued out

this writ of error. 35 Stat. 65; 36 Stat. 291; Comp. Stat. §§ 8657–8665. Laying aside a question whether the bill of exceptions was seasonably stated and sealed, we come directly to the errors assigned, which relate solely to the judge's charge. The offending instruction, which the plaintiff claims runs throughout the charge in varying language, is in these words:

"If you find that the shifting engine and car were being operated in the ordinary and customary manner in which such things were operated at the time, then, as I stated, you cannot find in favor of the plaintiff, but the verdict should be for the defendant."

By this expression, the plaintiff argues, the court failed properly to instruct the jury that the defendant's duty to protect its employee is measured by a standard of reasonable prudence, Texas & Pac. Ry. Co. v. Behymer, 189 U. S. 468, 470, 23 S. Ct. 622, 47 L. Ed. 905, but erroneously charged that the defendant's own practices are the standard of its duty.

On the day in question Kemmerer was a member of a section gang employed in track work in the yards of the defendant company at Reading. For reasons not clearly shown he had left the place where he had been at work, and, having separated himself from his gang, had gone to a point in the yard across the tracks. On a track adjacent to that on which he was walking, a switching engine was running backward. In this movement the tender or tank was in front, and a flat car, hooked to the pilot of the engine, was in the rear. No bell or whistle was sounded and no one was on the tank as a lookout. Later, Kemmerer was found under the flat car dead. How he met his death, no one knows.

The administratrix of the decedent, averring in her statement of claim that the defendant owed its employee the duty of keeping a lookout and of giving warning of the approach of the engine, charged the defendant with negligence for violating that duty in both respects. In support of these averments she produced one witness, a freight conductor formerly in the defendant's employ, who testified that, not at all times would they have "lookouts on the tender but only when we were working where the engineer's view was obstructed, when the engine was running backward, then we would stick a brakeman on the rear of the tank to signal to the engineer or caution anybody in the way." The trend of the testimony of other witnesses was that there was no rule or custom which required a warning to be given to men when,

away from their gang, they were walking across the tracks.

Although there was no testimony, except that quoted, to show that it was customary to give warnings of the movement of shifting engines operating upon tracks where no work was being done, the court denied the defendant's motion for a nonsuit and submitted the case on the issue of custom. We find no misstatement of law in the charge. It followed precisely the cases reviewed and the law restated in Director General v. Templin (C. C. A.) 268 F. 483 and Lehigh Valley R. Co. v. Doktor (C. C. A.) 290 F. 760, in respect to the assumption by an employee of the very great risks naturally incident to employment of this kind and the liability of the employer when a custom raises the duty on its part to give warning of danger, and contained the usual instructions in the alternative that if the jury should find as a fact that such a custom existed the verdict should be for the plaintiff, or failing to find that fact (on which alone negligence was here chargeable to the employer) the verdict must be for the defendant. It follows from a reading of the whole charge that the language complained of did not fix a standard of the defendant's duty. It was only a part of the general instruction that if the jury should find that no such custom existed and that the engine and cars were operated in the ordinary manner, there remained no evidence of negligence. The verdict for the defendant was a finding that the custom did not exist.

The judgment below is affirmed.