Henry FISHER, Appellant,

v.

UNITED STATES STEEL CORPORA-TION, Appellee.

No. 21307.

United States Court of Appeals
Fifth Circuit.

July 31, 1964.

Rehearing Denied Sept. 3, 1964.

Melvin B. Bishop, Jackson, Miss., for appellant.

Bruce C. Aultman, Hattiesburg, Miss., Simrall, Aultman & Pope, Hattiesburg, Miss., of counsel, for appellee.

Before HUTCHESON and RIVES, Circuit Judges, and GROOMS, District Judge.

PER CURIAM:

The suit was for damages to plaintiff, an employee of one Willett, suffered while plaintiff was engaged in removing heavy steel pipes from a railroad car on which

they had been loaded by defendant appellee for delivery to and unloading at Kosciusko, Mississippi.

The plaintiff alleged that defendant was negligent in loading the pipes and, as a proximate result thereof, defendant was liable.

There was a verdict and a judgment for defendant, and plaintiff has appealed, complaining of errors in the submission of the case to the jury.

The first and most strongly urged is that the court erroneously submitted to the jury the issue of assumed risk in that there was no legal basis in the evidence for such an issue, and if there was, the issue was improperly put.

Appellee, insisting that upon the record a verdict should have been directed in its favor and that if not the issues were correctly submitted, urges affirmance.

■■ We find ourselves in complete disagreement with appellee's views. There was evidence which if believed by the jury was sufficient to support a verdict for plaintiff, and the complained of charge on assumed risk was erroneous in that it permitted a verdict for defendant not only if plaintiff knew but *if he should have known* of the dangers attending the doing of the work he was about, whereas the instruction should have been limited to actual knowledge, and a reckless disregard of the dangers. Robbins v. Milner, 5 Cir., 278 F.2d 492. Because of this and the other errors hereafter noted, the judgment must be reversed and the cause remanded for further and not inconsistent proceedings including trial *de novo*.

■■ Of the other errors complained of in the charge, in view of another trial we think it proper to say: that it was error to charge that if the jury believed the defendant complied with the requirements of the Association of American Railroads, they should find for defend-

ant;[1] and that it was also error to refuse plaintiff-appellant's requested charge:

"The Court instructs the jury for the plaintiff that if you find from the preponderance of the evidence that the defendant United States Steel Corporation was negligent, proximately causing or contributing to the injuries and damages sustained by the plaintiff, if any, then it is your sworn duty to render a verdict for the plaintiff, even though you may further find that the plaintiff's employer, J. O. Willett Company was also guilty of negligence contributing to such injuries, if any, and this is true even though you may find the plaintiff knew and appreciated the negligence of his employer, if any, unless you further find that he also knew and appreciated the defects in the stakes and braces, if any, furnished by the defendant United States Steel Corporation and deliberately chose to assume all the risks and likely harm from such defects, if any."

The importance to the plaintiff of the last above charge is emphasized by the fact that after the jury retired for deliberation, it presented the court with a written request or inquiry reading as follows:

"If we feel that the defendant in this case was in fault by placing weak or doty standards in this car, and if we feel that Willett Company should have taken safety precautions *which might have prevented the accident*, can we as jurors still decide in favor of the plaintiff or the defendant?"

that the inquiry went unanswered, and on the same day the jury was recalled and the court at that time, with the consent of counsel, gave the jury an additional charge in the nature of the dynamite or Allen Charge,[2] with a ver-

1. Texas & Pacific Ry. Co. v. Behymer, 1903, 189 U.S. 468, 470, 23 S.Ct. 622, 47 L.Ed. 905. See also 38 Am.Jur., Negligence, Sec. 34, p. 679–682.

2. Allen v. United States, 164 492, 17 S.Ct. 154, 41 L.Ed. 528.

dict for defendant coming in shortly afterward.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.