Anna M. McCARTHY and Noel McCarthy, her husband, Plaintiffs,

v.

KROGER COMPANY, a corporation, Defendant.

Civ. A. No. 64–288.

United States District Court
W. D. Pennsylvania.

Nov. 9, 1966.

Hymen Schlesinger, Pittsburgh, Pa., for plaintiffs.

Herman C. Kimpel, Pittsburgh, Pa., for defendant.

## OPINION

DUMBAULD, District Judge.

The only possibly meritorious point in plaintiffs' motion for new trial is in connection with the Court's ruling excluding certain photographs of other shopping centers.

The wife-plaintiff, who gave the impression of being an unreliable witness and who was injured when she stumbled in broad daylight over the curb (painted a bright color) of a square-cornered U-shaped cart return station in the parking lot of a Kroger store while she was carrying a bag of groceries in one hand and a pack of bottles in the other in a manner which may have obscured her vision, contended that it was negligence for defend-ant to fail to have a railing around the concrete curb. In support of this contention plaintiff offered several photographs showing cart return stations at various other supermarkets where there were railings. These photographs were excluded.

The Court then as now believed that the proper way to prove a standard practice prevailing in a particular business as evidence upon the issue of negligence *vel non* is by calling witnesses qualified to testify regarding such custom or practice. Jemison v. Pfeifer, 397 Pa. 81, 86–87, 152 A.2d 697 (1959). A few casual photographs, unidentifiable as to date or place, of other localities where conditions might be different, do not constitute proper proof.

Moreover, in any event, the question whether, upon all the evidence in the case, there should have been a railing or not at the particular store where plaintiff fell was fully argued by plaintiff and squarely submitted to the jury as an issue for their determination. The particular structure involved in the case at bar was fully described by witnesses and depicted in photographs and could show for itself its safety or danger when appraised by the jury. Henion v. New York, N.H. & H. R.R. Co., 79 F. 903, 905 (C.C.A. 2, 1897). Thus any error in the Court's exclusionary ruling was entirely harmless.

As pointed out by Justice Holmes in Texas & Pacific Ry. Co. v. Behymer, 189 U.S. 468, 470, 23 S.Ct. 622, 623, 47 L.Ed. 905 (1903): "The charge embodied one of the commonplaces of the law. What usually is done may be evidence of what ought to be done, but what ought to be done is fixed by a standard of reasonable prudence, whether it usually is complied with or not." To the same effect is MacDougall v. Pennsylvania Power & Light Co., 311 Pa. 387, 396–397, 166 A. 589 (1933).

We therefore conclude that plaintiffs' motion for new trial should be denied.