Michael BUONO, Appellant,

v.

JONES & LAUGHLIN STEEL CORP.

No. 71-1795.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
Sept. 8, 1972.

Decided Oct. 25, 1972.

Hymen Schlesinger, Schlesinger & Schlesinger, Pittsburgh, Pa., for appellant.

Loyal H. Gregg, Jones, Gregg, Creehan & Gerace, Daniel R. Minnick, Pittsburgh, Pa., for appellee.

Before SEITZ, Chief Judge, and VAN DUSEN and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

This appeal challenges the judgment entered for the defendant after the jury verdict in defendant's favor. The plaintiff, a seaman, alleged that he was injured when he and two fellow deckhands were pulling up a wire cable which rested on the bottom of the Ohio River in order to attach some empty barges to it. Plaintiff contended that "the wire slipped, and it was released by the deckhands, giving plaintiff a big jerk and pulling him down, causing his back to be wrenched . . . ." (Appellant's brief at 3). He claimed this alleged in-

jury was thus attributable to defendant's negligence under the Jones Act, 46 U.S.C. § 688 (1970), and unseaworthiness under the maritime common law.

■ Careful consideration of the record and the trial court's charge as a whole [1] discloses that the trial judge accurately and adequately charged the jury on negligence and unseaworthiness. In particular, the instructions sufficiently explained the need for a fit and adequately constructed barge and for proper and fit equipment, appliances, and personnel (N.T. 260–61).[2]

■ Plaintiff contends that, because the trial judge's summary of both parties' arguments included the statement that the defendant "maintains that the method used to secure the empty barges to the shore was a safe and customary one," (Appendix II at 257), the trial judge should have given the instructions plaintiff requested on the issue of custom. However, plaintiff's requests were too brief and did not adequately explain the applicable law.[3] Furthermore, it is not clear that the defendant's evidence as to the use of similar cables at some places on the Ohio River to secure barges necessarily established the existence of a custom.[4] Consequently, we reject plaintiff's argument on this point.

We have carefully reviewed plaintiff's other contentions and have concluded that refusal to vacate, modify, or disturb the judgment is not "inconsistent with substantial justice." See F.R.Civ. P. 61.

The judgment of the district court will be affirmed.

---

1. Ely v. Reading Company, 424 F.2d 758, 760–61 (3d Cir. 1970).

2. Although there was testimony that the captain maneuvered the tow so that plaintiff was forced to work off the outside gunnel, two members of the crew testified that they were working from the end deck, which was 26 feet by 10 to 12 feet.

3. Any custom must be tested against the standard of reasonable care under all the circumstances. As stated in Texas & Pacific Ry. Co. v. Behymer, 189 U.S. 468, 470, 23 S.Ct. 622, 47 L.Ed. 905 (1903):

"What usually is done may be evidence of what ought to be done, but what ought to be done is fixed by a standard of reasonable prudence, whether it usually is complied with or not." See, also, W. Prosser, Law of Torts (4th ed. 1971), pp. 166–168.

4. In order to establish that the defendant is conforming to the community's idea of reasonable behavior, there must be evidence and a finding of the usual and customary conduct of others under similar circumstances. See W. Prosser, Law of Torts (4th ed. 1971), pp. 166–167.