NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

PETER MAASSEN, a single man,
*Plaintiff/Appellant*,

*v.*

STATE OF ARIZONA,
*Defendant/Appellee*.

No. 1 CA-CV 15-0206
FILED 8-18-2016

Appeal from the Superior Court in Maricopa County
No.  CV 2012-011495
The Honorable David O. Cunanan, Judge

**AFFIRMED**

COUNSEL

Peter David Maassen, Tucson
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Kelley J. Morrissey
*Counsel for Defendant/Appellee*

## MEMORANDUM DECISION

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Jon W. Thompson joined.

D O W N I E, Judge:

¶1            Peter Maassen appeals from the superior court's entry of summary judgment against him.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

¶2            Maassen, an inmate with the Arizona Department of Corrections ("ADC"), was assaulted by another inmate on August 26, 2011.  He suffered serious injuries, including head trauma, facial lacerations, and tripod and mandible fractures.  Maassen underwent reconstructive surgery in early September 2011.  He thereafter submitted numerous "Health Needs Requests" ("HNRs") to ADC, complaining of "botched" surgery, vision loss, sensitivity to light, inadequate pain management, and ongoing pain.

¶3            After filing a notice of claim that did not resolve the issue, Maassen sued ADC and its employees (collectively, "Defendants"), alleging gross negligence relating to the inmate attack and failure to "provide the necessary medical treatment."  Defendants moved for summary judgment, arguing Maassen: (1) could not establish gross negligence related to the inmate assault;[1] and (2) lacked expert testimony to support his claims of inadequate medical care.

¶4            After briefing and oral argument, the superior court granted Defendants' motion.  Maassen timely appealed.  We have jurisdiction

---

[1] By statute, Maassen was required to prove that Defendants either intended to cause his injury or were grossly negligent.  *See* A.R.S. § 12-820.02(A)(4) (addressing injuries "caused by a prisoner to any other prisoner").

pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶5**        We review a grant of summary judgment *de novo* to determine whether the superior court properly applied the law and whether any genuine issues of material facts exist, viewing the facts in the light most favorable to the non-moving party. *Ponce v. Parker Fire Dist.*, 234 Ariz. 380, 382, ¶ 9 (App. 2014). In considering a grant of summary judgment, we consider only the evidence that was before the superior court when it ruled on the motion. *Phoenix Baptist Hosp. & Med. Ctr., Inc., v. Aiken*, 179 Ariz. 289, 292 (App. 1994).

**¶6**        Maassen has not challenged the dismissal of his claim that Defendants failed to protect him from or prevent the inmate assault. We therefore do not address that basis for the summary judgment ruling. *See MT Builders, L.L.C. v. Fisher Roofing, Inc.*, 219 Ariz. 297, 304 n.7, ¶ 19 (App. 2008) (arguments not developed on appeal are waived).

**¶7**        Turning to Maassen's remaining allegation, the complaint alleged that Defendants failed to "provide the necessary medical treatment . . . for the injuries suffered on 08/26/2011." In moving for summary judgment, Defendants argued Maassen could not prove this claim without expert testimony. Maassen did not dispute this assertion. Indeed, he had previously advised that he would retain an expert regarding the "applicable standard of care regarding the provision of healthcare services to inmates" and the "applicable standard of care required of healthcare providers in treating patients with similar injuries and conditions as [Maassen]."

**¶8**        In responding to Defendants' summary judgment motion, however, Maassen offered no expert evidence about either the standard of care or causation. *See, e.g., Gipson v. Kasey*, 214 Ariz. 141, 143, ¶ 9 (2007) (To establish negligence, "a plaintiff must prove four elements: (1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages.").[2] He instead provided post-assault medical records; HNRs he

---

[2] Maassen's briefing focused on his pain and suffering, which relates to the damages element of his negligence claim. As explained *supra*,

had submitted; reports from an unrelated case involving allegedly substandard healthcare within ADC, with no linkage to his own case; and medical records of Dr. James Plotnik. Although Maassen's disclosure statement indicated Dr. Plotnik would testify that "permitting significant delays in the treatment to and care of Mr. Maassen . . . caused Mr. Maassen to unnecessarily experience physical pain and suffering," Maassen did not submit an affidavit or other admissible evidence to this effect from Dr. Plotnik. *See Ryan v. San Francisco Peaks Trucking Co.*, 228 Ariz. 42, 49, ¶¶ 25–26 (App. 2011) (disclosure statements alone do not satisfy a plaintiff's burden of proving negligence); *see also* Ariz. R. Civ. P. 56(e). Dr. Plotnik's medical records do not discuss delays in treatment, substandard medical care, or any alleged negligence by Defendants.

**¶9** Additionally, in moving for summary judgment, Defendants submitted a report from Dr. Wayne Bixenman, who examined Maassen and reviewed Dr. Plotnik's records. Dr. Bixenman opined, *inter alia*, that Maassen does not have traumatic optic neuropathy or a convergence insufficiency. But even if he does suffer from traumatic optic neuropathy, according to Dr. Bixenman, that condition was caused by the assault itself, and "there is no basis to state in any manner that his residual visual field defect arose or remains because of any treatment or non-treatment, management or mismanagement that he experienced under the auspices of the AZ Dept. Of Corrections." Dr. Bixenman further opined that assuming Maassen does have a convergence insufficiency, "it would in no manner constitute a visual handicap nor be in any manner a gradable visual disability." Maassen submitted no controverting expert evidence and thus failed to create a genuine issue of material fact as to causation. *See Markowitz v. Ariz. Parks Bd.*, 146 Ariz. 352, 358 (1985) (when reasonable persons could not differ on the question of causation given the evidence presented, the superior court "may direct a verdict on the issue").

**¶10** "[A] party moving for summary judgment need merely point out by specific reference to the relevant discovery that no evidence existed to support an essential element of the claim." *Orme Sch. v. Reeves*, 166 Ariz. 301, 310 (1990). If a moving party meets its burden in doing so, the burden shifts to the non-movant to produce sufficient evidence in rebuttal. *Nat'l Bank of Ariz. v. Thurston*, 218 Ariz. 112, 119, ¶ 26 (App. 2008). "If the party with the burden of proof on the claim or defense cannot respond to the motion by showing that there is evidence creating a

---

however, Maassen was required to establish triable issues of fact as to all four elements of the negligence claim — something he failed to do.

genuine issue of fact on the element in question, then the motion for summary judgment should be granted." *Orme Sch.*, 166 Ariz. at 310. When a party opposing a motion for summary judgment fails to present, either by affidavit or other competent evidence, facts that controvert the moving party's evidence, the facts alleged by the moving party may be considered as true. *GM Dev. Corp. v. Cmty. Am. Mort. Corp.*, 165 Ariz. 1, 5 (App. 1990). Based on the record before it, the superior court properly entered summary judgment in favor of Defendants.

## CONCLUSION

¶11 For the foregoing reasons, we affirm the judgment of the superior court.



Amy M. Wood • Clerk of the court
FILED: AA