## SPERBER v. CONNECTICUT MUT. LIFE INS. CO.

## SAME v. NEW YORK LIFE INS. CO.
### Nos. 12496, 12497.

Circuit Court of Appeals, Eighth Circuit.
Jan. 24, 1944.
Rehearing Denied Feb. 10, 1944.

Writ of Certiorari Denied Apr. 10, 1944.

See 64 S.Ct. 939.

William H. Tombrink, of St. Louis, Mo. (H. A. Waltuch and Strubinger, Tudor & Tombrink, all of St. Louis, Mo., on the brief), for appellant.

James C. Jones, Jr., of St. Louis, Mo. (Orville Richardson and Jones, Hocker, Gladney & Grand, all of St. Louis, Mo., F. H. Pease, of New York City, and Warren M. Humes, of Hartford, Conn., on the brief), for appellees.

Before STONE, THOMAS, and JOHNSEN, Circuit Judges.

STONE, Circuit Judge. ·

These are separate actions on disability provisions of two life insurance policies issued to appellant by the Connecticut Mutual Life Insurance Company and the New York Life Insurance Company, respectively. Each policy contained total and permanent disability clauses.[1] The cases were, by agreement, consolidated for trial and submitted to the jury under a single charge by the court and upon three interrogatories. Treating the answers of the jury thereto as a special verdict, separate judgments were entered in favor of each defendant. Plaintiff brings these appeals which are presented upon a common record and briefs.

Appellant presents here several points as to admission of evidence, an attack upon the charge to the jury and an attack upon the submitted interrogatories. Since we think the case should be reversed and remanded for new trial because of error in the charge to the jury, we deem it unnecessary to determine and do not determine the other matters presented. No full statement of the fact situation is useful but only enough to make clear the error we think exists in the charge.

The broad issue at trial was whether or not appellant was totally and permanently disabled so as to be unable to engage in any occupation or perform any work for profit or remuneration because of the amputation of his left arm as the result of an automobile accident on July 29, 1933. Since any disability caused by loss of the arm was obviously permanent, the essential issue was as to whether the disability, thus caused, was total. This depended upon the effect of this loss of arm upon his carrying on of the business of hair dressing, which was the only business in which he was trained. He was, at the time of the accident, the owner of a hair dressing shop which he managed and operated.

Appellant contended that he was a "hairdresser"—which term covered the entire field of that profession—and that, up to the loss of his arm, he actually performed the work of dressing hair, necessitating use of both hands but that, due to such loss, he had thereafter been entirely unable to follow such work. The contention of appellees was that, for several years before the time of the accident and thereafter, he had fourteen or fifteen persons in his employ and, as a result of this increase and expansion in his business, he had not devoted much time to actual hairdressing but had given practically all of his time to the managerial, executive and supervisory part of his business and that the loss of his arm had not substantially interfered with the carrying on of his business as before.

This is a Missouri contract. In the construction of the scope of "total" disability as used in insurance contracts, Missouri courts adhere to the so-called "liberal" rule. Harms v. Mutual Life Ins. Co. of N. Y., Mo.App., 127 S.W.2d 57, 60; Smith v. Metropolitan Life Ins. Co., Mo.App., 108 S.W.2d 995, 999, and see Heald v. Ætna Life Ins. Co. of Hartford, Conn., 340 Mo. 1143, 104 S.W.2d 379, 383. That rule is that the disability is total if it renders in-

---

[1] Differences in language in the two policies is unimportant to the issue here.

sured "unable substantially to perform the duties of his occupation; that is, unable to perform in the usual and customary way the substantial acts of his occupation." Stoner v. New York Life Ins. Co., Mo.App., 90 S.W.2d 784, 791.[2]

Having in mind this applicable rule of law and the above fact contentions of the parties, it is clear that the fact issue was whether appellant used his hands "to perform in the usual and customary way the substantial acts of his occupation" or whether the "acts of his occupation" were so largely executive and managerial that any use of his hands in his occupation was relatively unsubstantial. Having this issue in mind, we examine the here involved portion of the charge to the jury.

In a recitation of the evidence, in his charge, the court said: "The evidence shows that for many years before his injury on July 29, 1933, the plaintiff was an expert hairdresser, that he owned and operated his own shop, and employed a number of operators and assistants who worked under his supervision and direction. In 1929 and 1930, the plaintiff applied for various types of insurance policies and in his applications for those policies he described his occupation as an owner and manager, and as an executive with duties of supervision and management. In his application for the policy issued to him by the defendant Connecticut Mutual Life Insurance Company on November 18, 1931, for the policy in suit, the plaintiff stated that his principal occupation was that of proprietor of the Sperber Hair Shop and that his duties of such occupation were executive and a small amount of cosmetology."

Out of the presence of the jury in excepting to the last sentence just quoted, counsel for appellant stated:

"Mr. Tombrink: I notice, Your Honor, there was nothing said here in the instructions about the policy of the New York Life.

"The Court: Yes, it is there.

"Mr. Tombrink: Or I mean the application, Your Honor, of the New York Life,

but that the Court does refer to the application of The Connecticut Mutual Life Insurance Company, to the effect that on November 18, 1931, in his application for the policy, Mr. Sperber stated his principal occupation was that as proprietor of the Sperber Hair Shop, and that his duties in such occupation were executive and a small amount of cosmetology. I saw nothing in the charge of the Court regarding the application of The New York Life Insurance Company, the other defendant here, whose defense was consolidated with that of the Connecticut Mutual in this trial, as to what that application showed, and that application showed that Mr. Sperber was a hairdresser.

"The Court: Says he was owner of a hair dressing shop, if I am not mistaken.

"Mr. Tombrink: That is the only objection, Your Honor, that I desire to the Court's instructions to the jury.

"The Court: Very well.

"Mr. Tombrink: Save my exceptions to that."

The statements in the Connecticut Mutual application—under the headings "Principal Occupation? (State kind of business; secondary occupation if any)" and "Describe fully your duties"—were, respectively, "Proprietor of Sperbers Hair Shop" and "Executive and a small amount of cosmetology." The statements in the New York Life application—under the headings "Present occupation" and "State exact duties in full"—were, respectively, "Hairdresser" and "Owner and operator hairdressing shop." The application to the New York Life was in April, 1931, and the application to the Connecticut Mutual in November, 1931. No change in occupation is shown between these dates.

It is obvious that the quoted statements in the Connecticut Mutual application tend to support the contention of appellees while those in the New York Life application tend to support the contention of appellant. All of the statements were by appellant. All bore upon the issue of fact. Both applications were for like purposes. Both were made when, so far as the evidence

---

2 For later phase of this case see Stoner v. New York Life Ins. Co., 311 U.S. 464, 61 S.Ct. 336, 85 L.Ed. 284. Some of other Missouri cases announcing the rule are Heald v. Ætna Life Ins. Co. of Hartford, Conn., 340 Mo. 1143, 104 S.W.2d 379, 383; Eden v. Metropolitan Life Ins. Co., Mo. App., 138 S.W.2d 745, 748; Comfort v. Travelers Ins. Co., Mo.App., 131 S.W.2d 734, 738–740; Rogers v. Metropolitan Life Ins. Co., Mo.App., 122 S.W.2d 5, 7; Wright v. Metropolitan Life Ins. Co., Mo. App., 115 S.W.2d 102, 103.

shows, the occupation of appellant and his 'acts therein were the same. Those in the Connecticut Mutual application carried the strong force of statements against interest. The weakening effect of the statements in the New York Life application upon those in the Connecticut Mutual application is, under the above circumstances, obvious. The charge directed attention to the statements in the Connecticut Mutual application and also to statements in applications to other companies than these two to the effect that his occupation was "an owner and manager." As given, the charge made no mention of the statements in the New York Life application.

The problem here is not that of a judge commenting upon or stating an opinion about the evidence. The situation is that the Court in summarizing an important aspect of the evidence—statements by appellant in these and other aplications for insurance—outlined the evidence favoring appellees and, when requested to cover the same aspect where favorable to appellant, omitted to do so.

While a federal trial court is not at all required to state his recollection of the evidence with nice exactitude for both sides, yet, if such summary is made, it must be fair to both sides to the extent that it is not so one-sided or so warped that it must be regarded as prejudicial to one side in its effect upon the jury. Quercia v. United States, 289 U.S. 466, 470, 53 S.Ct. 698, 77 L.Ed. 1321; Allison v. United States, 160 U.S. 203, 212, 16 S.Ct. 252, 40 L.Ed. 395; Arnold v. United States, 10 Cir., 94 F.2d 499, 508; Young v. Travelers' Ins. Co., 10 Cir., 68 F.2d 83, 85; United States v. Messinger, 4 Cir., 68 F.2d 234, 237; Spalitto v. United States, 8 Cir., 39 F.2d 782, 788; Smith v. United States, 8 Cir., 18 F.2d 896, 897; O'Shaughnessy v. United States, 5 Cir., 17 F.2d 225, 228. As stated in Starr v. United States, 153 U.S. 614, 626, 14 S.Ct. 919, 923, 38 L.Ed. 841: "The evidence, if stated at all, should be stated accurately, as well that which makes in favor of a party as that which makes against him. * * *" We think this part of this charge was thus prejudicial.

While we do not examine the other points of error presented, yet we think, if the case on retrial is submitted upon special interrogatories, care should be taken that the above Missouri rule as to what constitutes total disability is applied.

For the error in the charge, the case is reversed and remanded for retrial.