Glenn C. SIEGRIST, Plaintiff-Respondent,

v.

DELAWARE, LACKAWANNA & WESTERN RAILROAD COMPANY, Defendant-Appellant, and

United States Steel Corporation, Defendant.

No. 39, Docket 25094.

United States Court of Appeals Second Circuit.

October Term, 1958.

Argued Oct. 24, 1958.

Decided Feb. 18, 1959.

John E. Drury, Jr., Buffalo, N. Y. (Desmond & Drury, Buffalo, N. Y., on the brief), for plaintiff-respondent, Glenn C. Siegrist.

Hugh McM. Russ, Buffalo, N. Y. (John L. Truscott, Hodgson, Russ, Andrews, Woods & Goodyear, Buffalo, N. Y., on the brief), for defendant-appellant, Delaware, Lackawanna & Western R. Co.

Before SWAN and MOORE, Circuit Judges, and KAUFMAN, District Judge.

MOORE, Circuit Judge.

Defendant (appellant), Delaware, Lackawanna & Western Railroad Company (referred to as "the railroad"), appeals from a judgment in favor of plaintiff in an action against the railroad and the United States Steel Corporation to recover for personal injuries sustained as a result of their alleged negligence. The action was brought against the railroad under the Federal Employers' Liability Act (F. E. L. A.), 45 U.S.C.A. § 51 et seq. Judgment was entered against the railroad after trial before the court and a jury which found

upon specific questions submitted by the court: (1) that the accident was caused in part by negligence of the railroad; (2) that plaintiff's negligence contributed to the accident; (3) that plaintiff's negligence contributed 25% to the accident, that damages were $100,000 and that the verdict against the railroad was $75,000; and (4) that plaintiff was not in the gondola car (where he was injured) in the performance of his duties. Judgment was directed in favor of the United States Steel Corporation upon the written answers of the jury to the special questions submitted by the court.

■ The restricted area of review in injury cases brought under the F. E. L. A. does not include a redetermination of the jury's findings on factual issues. However, it is within the province of the appellate court to examine the record to ascertain whether the jury's determination was made upon adequate instructions as to the applicable principles of law.

Plaintiff on the night of December 20, 1951 was employed by defendant as a car inspector. His duties were twofold. First, when a freight train arrived in the Buffalo yard he was to check the condition of the running gear, the journal boxes and brakes. To do this he had to walk along the side of the train inspecting each car. Second, when not so engaged he was to inspect empty box cars and classify them as to the commodities they were best suited to carry. He was not required to classify gondola or open cars. On this particular night plaintiff and a fellow employee named Schultz, while waiting for the arrival of a freight train, were engaged in car commodity classification. This work also required plaintiff to walk alongside the box cars being inspected. Engaged in this task, plaintiff was walking on one side of the cars, Schultz on the other. There was a substantial amount of snow on the ground. While this classification work was in progress the cars commenced to move because of a switching operation so that plaintiff and Schultz

had to discontinue this work. Schultz continued on foot, but plaintiff, desirous to avoid walking through the snow, and to get a ride to his destination, swung up on to the stirrup of a moving gondola car. The stirrup was slippery so plaintiff then climbed into the car. He thought the car was empty and walked to the forward end, but near the end of the gondola he felt a step down indicating a difference in level. As he was standing in this depression at the end of the car he heard the clicking sound of cars taking up slack, a sign that the train was stopping. The train did come to an abrupt stop causing steel plates loaded in the car to shift forward and pin plaintiff's right leg between the plates and the end of the car.

Plaintiff sued the railroad for negligence under the provisions of the F. E. L. A. and the United States Steel Corporation for negligence in that he was struck and his leg injured by a shifting load on a train.

■ A railroad is under a duty to use due care to provide its employees with a safe place in which to work. The area in which plaintiff was required to work was on the paths alongside the tracks from which he could perform his inspection duties. The accident, however, did not occur in this area. No part of his duties called for his being in a gondola car at any time or to hitch rides on moving cars. In fact plaintiff admitted that he was familiar with the railroad's rule which reads "Keep off cars and engines except in performance of duty."

In enacting the F. E. L. A. Congress did not provide that a railroad should be liable in damages for any injury suffered by an employee but only for those injuries resulting in whole or in part from its negligence. Congress did not define "negligence" for purposes of the Act. In Urie v. Thompson, 1949, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 the court said, speaking of 45 U.S.C.A. § 51 which governs this case:

"The section does not define negligence, leaving that question to be determined, as the Missouri Supreme Court said, 'by the common law principles as established and applied in the federal courts.' [Urie v. Thompson] 352 Mo. [211] at 218, 176 S.W.2d [471] at page 474. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, has no application. * * * Federal decisional law formulating and applying the concept governs * * *" 337 U.S. at page 174, 69 S.Ct. at page 1027.

The principle, however, merely confines this court to Federal, as opposed to New York, law in construing the term. As the Supreme Court said in a later case, Morissette v. United States, 1952, 342 U.S. 246, 72 S.Ct. 240, 96 L. Ed. 288:

"And where Congress borrows terms of art in which are accumulated the legal tradition and meaning of centuries of practice, it presumably knows and adopts the cluster of ideas that were attached to each borrowed word in the body of learning from which it was taken and the meaning its use will convey to the judicial mind unless otherwise instructed. In such case, absence of contrary direction may be taken as satisfaction with widely accepted definitions, not as a departure from them" 342 U.S. at page 263, 72 S.Ct. at page 250.

Negligence, however, implies a duty. The duty was to provide a safe place to work. There is no evidence that plaintiff's work area was in any way unsafe. To bring this area into the field for which the railroad might be responsible requires an extension of the area into the gondola car in which the injury occurred. Therefore to extend plaintiff's work area into the gondola car the jury under appropriate instructions addressed specifically to this point must determine that the railroad had notice or should have had notice that employees such as plaintiff used moving cars as a means of locomotion from one part of the freight yard to another thus enlarging plaintiff's work area to the interior of the gondola. The doctrine of notice was especially emphasized by the Supreme Court in Ringhiser v. Chesapeake & Ohio Railway Co., 1957, 354 U.S. 901, 77 S.Ct. 1093, 1094, 1 L.Ed.2d 1268 in which the majority said that there was evidence "that to respondent's knowledge employees used gondola cars for the purpose." This essential ingredient was further stressed by the comment that "there were probative facts from which the jury could find that respondent was or should have been aware of conditions which created a likelihood that the petitioner would suffer just such an injury as he did."

The verdict here, however, does not rest upon such a charge. The trial court charged that the railroad owed a duty to conduct its operations including the switching of its trains and the carrying of freight in a manner reasonably safe under all the circumstances of the case. But one of the vital circumstances was knowledge that plaintiff might be in the car. The mere abrupt stop or the shifting of the steel absent plaintiff would not have given rise to liability any more than the presence of a large or loose stone on a roadbed footpath would have done so. It was the fact that the loose stone was in a work area which the plaintiff had to traverse in connection with his duties so that he was likely to step on it which created the liability in Gibson v. Thompson, 1957, 355 U.S. 18, 78 S.Ct. 2, 2 L.Ed.2d 1. See also, Ferguson v. St. Louis-San Francisco Ry. Co., 1958, 356 U.S. 41, 78 S.Ct. 671, 2 L.Ed.2d 571.

The trial court also charged that the railroad had a duty to inspect freight shipments to see that they were properly loaded and related this duty to that of providing its employees with a

safe place to work. The misconception that such a charge might well have created in the minds of the jury was that the gondola car was an area in which the railroad knew that plaintiff might be. In short, the error was in the failure to charge that the jury must first determine whether there were any facts from which the railroad should have known or be presumed to have known that the moving gondola car was a place in which plaintiff might be riding. Had the jury made such a fact finding in plaintiff's favor then but only then would the gondola car have been brought within the safe work area rule. The jury actually found that plaintiff was not in the gondola car in the performance of his duties. Had the jury also found that the railroad was not on notice, actually or constructively, that an employee might be riding in a car the verdict upon a charge containing this element might well have been different.

Nor was the notice requirement merged into contributory negligence by plaintiff's willful violation of the "Keep off cars * * *" rule. Such a violation could be considered in determining contributory negligence but first the jury had to reach a conclusion as to liability under applicable principles of law.

The judgment against defendant Delaware, Lackawanna & Western Railroad Company should be reversed and the case remanded for a new trial.

SWAN, Circuit Judge (dissenting).

Since the jury found that plaintiff was not in the gondola car in the performance of his duties, and since there was no evidence that the company rule had ever been violated before, I see no reason for the trial judge to have charged on the subject of notice to the company that an employee might be riding in the gondola. In my opinion defendant's motion to dismiss the complaint should have been granted.