Martin OWENS, a minor by Laura H.
Owens, next friend, Appellant,

v.

CHICAGO, ROCK ISLAND and PACIFIC
RAILROAD COMPANY, Appellee.

No. 6685.

United States Court of Appeals
Tenth Circuit.

July 6, 1961.

Rehearing Denied Aug. 1, 1961.

Bratton, Circuit Judge, dissented.

Albert Thomson, Kansas City, Mo. (George V. Allen, Lawrence, Kan., and Robert W. Cook, Kansas City, Mo., on the brief), for appellant.

Clayton M. Davis, Topeka, Kan. (Mark L. Bennett, Topeka, Kan., on the brief), for appellee.

Before MURRAH, Chief Judge, and BRATTON and BREITENSTEIN, Circuit Judges.

MURRAH, Chief Judge.

This is an appeal from a judgment of the District Court on a directed verdict in a suit by the appellant for personal injuries, arising out of a railroad crossing accident in Lawrence, Kansas.

■ The salient facts are not in dispute. The only question is whether they warrant a permissible inference of negligence. If so, the case should have been submitted to the jury. See Lopez v. Denver & Rio Grande Western Railroad Company, 10 Cir., 277 F.2d 830.

The appellant was riding in a panel truck, while it was being driven in a northerly direction on Fourth Street in Lawrence, Kansas. The truck approached the railroad crossing consisting of six tracks, including two main lines —one east-bound, one west-bound. The crossing signal lights and bells were operating. The truck stopped at the south side of the southern-most tracks, and the driver and appellant observed the approach of a train traveling west. When the train had passed over the crossing to the point where the caboose was in sight, the driver of the truck proceeded across the unoccupied tracks

to a point about three feet from the moving west-bound train. At this point, the rear of the truck extended over the east-bound tracks. While standing in this position, appellant noticed the approach of appellee's train, traveling eastward on the east-bound, main track. He hollered to the driver, alighted and went to the rear of the truck, where he was first observed by the fireman and brakeman on the left side of the appellee's engine. They warned the engineer, who immediately applied the emergency brakes.

At the point of the collision, the tracks curve rather sharply to the north, and a truck is not observable by an approaching train until it was within about 400 feet of the crossing. At this point, a train traveling 20 to 25 m. p. h. is unable to stop with the application of emergency brakes, before passing over the crossing.

After the train came into the view of the truck driver, he pulled forward toward the moving west-bound train, but apparently was unable to clear the east-bound tracks and the appellee's east-bound train struck the rear of the truck, turning it around. Appellant was last seen moving from the rear to the east side of the truck. After the appellee's train stopped, appellant was found near the moving train on the west-bound tracks.

Appellant relies upon a pleaded ordinance of the City of Lawrence, which provides in substance and effect that it shall be unlawful for a railroad to operate a train within the City limits "at a rate of speed in excess of 30 m. p. h., or in any manner which is dangerous to public safety." He does not contend that the appellee's train exceeded the prescribed speed limit, but he does contend that the railroad violated the ordinance by operating it in a manner dangerous to public safety, which is another way of saying that the train was operated negligently under existing circumstances.

Much is said about unconstitutional vagueness of the statute, but we think violation is a concomitant of negligence, i. e., if the railroad was negligent in the circumstances, it violated the ordinance.[1] If not, there could be no violation. In that regard, we speak of negligence in the sense of ordinary care as at common law, not the F.E.L.A.'s statutory negligence, 45 U.S.C.A. § 51 et seq., which is "significantly different from the ordinary common law negligence action * * *." See Rogers v. Missouri Pacific Railroad Co., 352 U.S. 500, 509, 77 S.Ct. 443, 1 L.Ed.2d 493. Making application of the common law negligence rule in cases of this kind, the Kansas courts have emphatically said that ordinary care does not impose upon the railroad a duty to operate its train at such a rate of speed that it can be stopped within the range of vision of a railroad crossing. Bunton v. Atchison, T. & S. F. Ry. Co., 100 Kan. 165, 163 P. 801; Johnson v. Killion, 179 Kan. 571, 297 P.2d 177. See also Chicago, Rock Island and Pacific Railroad Co. v. Hugh Breeding, Inc., 10 Cir., 247 F.2d 217.

Since ordinary care does not require the train to be operated at a rate of speed which would enable it to be stopped within the range of vision, it is difficult to perceive any breach of ordinary care. Through no fault of the railroad, the appellant found himself in a position of peril. When the railroad first observed him in that position, it was unable to avoid injury in the circumstances. The judgment is affirmed.

BRATTON, Circuit Judge (dissenting).

Municipalities in Kansas are clothed with conventional police power. And in the exercise of that power they may enact suitable ordinances not in conflict with state or federal law for the safety and welfare of the public in using streets and public thoroughfares. An ordinance enacted for that purpose is presumed

---

1. "* * * the law is full of instances where a man's fate depends on his estimating rightly, that is, as the jury subsequently estimates it, some matter of degree." Nash v. United States, 229 U.S. 373, 377, 33 S.Ct. 780, 781, 57 L.Ed. 1232.

698

to be valid and the burden of establishing invalidity rests upon one asserting it. Truck-Trailer Supply Co. v. Farmer, 181 Kan. 396, 311 P.2d 1004. Acting in the exercise of its police power, the City of Lawrence enacted an ordinance which provides that it shall be unlawful to operate a train within the city at a rate of speed in excess of thirty miles per hour, or in any other manner which is dangerous to public safety. The train in question was not traveling at more than thirty miles per hour. But the last provision of the ordinance is not invalid for vagueness or uncertainty. And under its terms, the operation of a train in a manner which peculiar circumstances make dangerous to safety and welfare of those using the streets is forbidden even though the train is being moved at a speed less than thirty miles per hour.

Under the law of Kansas, speed alone in the operation of a train in the open country does not constitute actionable negligence. Atchison, Topeka & Santa Fe Railway Co. v. Schriver, 80 Kan. 540, 103 P. 994, 24 L.R.A., N.S., 492; Modlin v. Consumers Cooperative Association, 172 Kan. 428, 241 P.2d 692; Chicago, Rock Island & Pacific Railroad Co. v. Consumers Cooperative Association, 10 Cir., 180 F.2d 900, certiorari denied, 340 U.S. 813, 71 S.Ct. 42, 95 L.Ed. 598; Chicago, Rock Island & Pacific Railroad Co. v. Hugh Breeding, Inc., 10 Cir., 232 F.2d 584; Chicago, Rock Island & Pacific Railroad Co. v. Hugh Breeding, Inc., 10 Cir., 247 F.2d 217.

But this accident did not occur in open country. It occurred in a municipality. The engineer knew that the street and the track crossed at the intersection; he knew that the street was one of constant use; he knew that due to a curve in the track and to the position of the westbound train, the crossing would not come into view until his train was within four to five hundred feet of the crossing; and he knew that due to the speed and length of the train, he could not stop it after seeing and before reaching the crossing. Still, in view of all of those facts and circumstances, he did not reduce the speed of the train. Instead, the speed remained constant until the train was too close to the crossing to be stopped in time to avoid the accident. Even though the train was moving at less than thirty miles per hour, it is my view that when all of the facts and circumstances are considered together, reasonable minded persons might readily reach different conclusions in respect to whether the engineer failed to exercise due care in the operation of the train commensurate with the degree of danger existing at the crossing. In other words, it is my conviction that reasonable minded persons might easily reach different conclusions as to whether the train was being operated in a manner which was dangerous to public welfare within the intent and meaning of the ordinance. If so, it was a question for the jury.