**CHICAGO & NORTH WESTERN RAIL-WAY COMPANY, Appellant,**

v.

**Arthur J. RIEGER, Appellee.**

**No. 17292.**

United States Court of Appeals Eighth Circuit.

Jan. 17, 1964.

Rehearing Denied Feb. 27, 1964.

Philip Stringer, St. Paul, Minn., made argument for appellant and filed brief with Arthur J. Donnelly, R. Paul Sharood and Edward C. Stringer, St. Paul, Minn.

R. T. Rodenberg, New Ulm, Minn., made argument for appellee and filed brief with Robert J. Berens, New Ulm, Minn.

Before VAN OOSTERHOUT and BLACKMUN, Circuit Judges, and HANSON, District Judge.

HANSON, District Judge.

This action was brought under the Federal Employers' Liability Act to recover for injuries received by the appellee, a railroad employee, near Revillo, South Dakota. The action is predicated on the negligence of the appellant railway company.

The accident occurred when a large wooden beam was being loaded on to some track cars. Appellee was a part of the crew performing this operation. The track was a single one running east and west. The loading was being done at a curve where the south rail was higher than the north rail. There were beams on both sides of the tracks but the one involved was a 9″ x 18″ one, 28 feet long, located on the north side of the track. The accident happened while the first beam was being loaded. There was ice and snow on the ground. It had been snowing and sleeting the night prior to the accident. The place of the accident had been shovelled.

The equipment which was to be used to move the beams was a "crab" or small crane on wheels and two push cars. The first beam was loaded on to the push cars, but because it, as loaded, was resting partly on the crab, the employees tried to use the crab to slide the beam and get it off of the crab. The end of the beam resting on the crab was raised by the crane. The idea was that this would cause the beam to slide forward away from the crab. Instead, the beam slid forward about 12 inches and then swung sideways and hit the appellee.

The case was submitted to the jury. The jury found for the appellee and the railroad appealed to this court.

The railroad raised and argued four points:

1. Some evidence of negligence is still a requisite in cases under Federal Employers' Liability Act.

2. There is no evidence of negligence on the part of the defendant.

3. The court erred in (a) failing to define the issues and (b) refusing defendant's requested instructions that would have done so.

4. The court erred in deferring to counsel on the nature of the issues submitted.

■ With respect to whether or not some evidence of negligence is a requisite in cases under the Federal Employers' Liability Act will not be discussed because the appellee admits, and correctly so, that some evidence of negligence is a requisite in cases under the Federal Employers' Liability Act.

The second issue is whether or not there was evidence of negligence on the part of the railroad sufficient to submit the case to the jury. The trial court submitted specifications of negligence as to whether the railroad failed to use reasonable care to provide the appellee with a reasonably safe place to work and whether there was an insufficiency, due to the negligence of the railroad, in its cars, appliances, machinery, road beds, or other equipment.

■ There was ample evidence to sustain both of these grounds of negligence. There would appear to be more evidence of insufficient equipment than any other type of negligence, but the jury would also be permitted to find that under the circumstances of the case, permitting the loading of the beams at a point where there was a curve and the tracks were not level constituted negligence.

There was also evidence of weather conditions which would bear on the issues

of negligence submitted to the jury. Requested instruction No. 5 read as follows:

"5. You are instructed as a matter of law that there is no evidence in this case from which you could find that the defendant Railway Company was negligent in failing to provide a safe place to work because of the snow and ice conditions existing at the time and place where plaintiff sustained his injury, or because of the condition of the ground where plaintiff was working, or the condition of the stringers which the plaintiff was engaged in moving."

In Texas & Pacific Ry. Co. v Behymer, 189 U.S. 468, 23 S.Ct. 622, 47 L.Ed. 905, Holmes J. held that the slippery condition caused by the ice, if known, had a bearing on the duty of the railroad company to its employee if there was a reasonable way for the railroad to decrease the danger caused by the weather conditions. McGivern v. Northern Pac. Ry. Co., 132 F.2d 213 (8th Cir.) is consistent with that view. In the McGivern case, there was nothing shown by which the railroad could have lessened the danger resulting from the snow. The court there said that the danger did not in itself imply negligence. In that case, sand, ashes, and salt were available to improve the conditions. In Raudenbush v. Baltimore & Ohio R. R., D.C., 63 F. Supp. 329, the rule was correctly given. The railway has the duty to furnish sufficient instruments, sand, gravel, salt, etc. to decrease the danger from the ice and snow if this can reasonably be done. To the same effect are Fugazzi v. Southern Pac. Co., 9 Cir., 208 F.2d 205, and Lilly v. Grand Trunk Western Railroad Co., 317 U.S. 481, 63 S.Ct. 347, 87 L.Ed. 411.

The McGivern case does not hold, as stated in the Raudenbush case, that a railroad is not liable to its employees for injuries resulting from climatic conditions. That case does hold that there must be some showing of negligence on the part of the railroad in not lessening the danger caused by the climatic conditions before negligence can be imputed to the railroad on this ground.

Probably the McGivern case was not impliedly overruled by the Lilly case as they involve different factual situations. However, in the Lilly case, the court said there is an absolute and continuing duty to maintain the locomotive and all parts and appurtenances thereof in proper condition and safe to operate without unnecessary peril to life or limb. The court was talking about ice. In this connection see Collins v. Southern Pacific Company, 286 F.2d 813, 90 A.L.R.2d 592 (9th Cir.).

In the present case, it is only necessary to say that the court was correct in leaving to the jury the question of whether the weather conditions were a factor on this issue of the alleged negligence of the railroad, and correct in refusing requested instruction No. 5.

The defendant in the last sentence of requested instruction No. 7 asked the court to charge the jury that a temporary dangerous working condition resulting from the weather is not by itself a negligent failure on the part of the carrier to provide the employee a safe place to work. A number of courts have made this statement. McGivern v. Northern Pac. Ry. Co., supra; Missouri Pacific Railroad Company v. Aeby, 275 U.S. 426, 48 S.Ct. 177, 72 L.Ed. 351; Detroit T. & I. R. Co. v. Banning, 6 Cir., 173 F.2d 752.

The defendant's request was not correct for several reasons. One, the temporary character of the condition is not a factor which in and of itself has any significance. Bailey v. Central Vermont Ry., 319 U.S. 350, 353, 63 S.Ct. 1062, 87 L.Ed. 1444; Anderson v. Elgin, Joliet & Eastern Railway Co., 7 Cir., 227 F.2d 91. The duty to use reasonable care is a continuing one not relieved by fleeting circumstances. Missouri Pacific Railroad Company v. Aeby was criticized in Tiller v. Atlantic Coast Line R. Co., 4 Cir., 128 F.2d 420. Insofar as McGivern v. Northern Pac. Ry. Co., supra, and Detroit T. & I. R. Co. v. Banning, supra, relied on the criticized portion of the

Aeby case, they are open to the same criticism. This is the second reason why this request was improper. It might have misled the jury to believe that the appellee assumed some risk of a temporary condition which would not be assumed in a permanent condition. Of course, the temporary nature of the condition might bear on whether or not the railroad could reasonably do anything to improve the condition.

The third reason that the proposed instruction was not correct is that the word "temporary" is a relative and comparative term, Worthington v. McDonald, 246 Iowa 466, 68 N.W.2d 89, 47 A.L.R. 2d 135, and under the present record it would have to be defined if used in an instruction. Of course, this does not completely answer the question as to whether the refusal of this request was improper, because even if a requested instruction is not entirely perfect, it may in some situations impose upon the court the duty to give a more specific instruction on a particular issue where it soundly appears that such an instruction is needful to enable the jury to intelligently determine the question. Chicago & N. W. Ry. Co. v. Green, 8 Cir., 164 F.2d 55; Chicago, Rock Island & Pacific Railroad Co. v. Lint, 8 Cir., 217 F.2d 279. This requested instruction, however, was not of the type contemplated by the rule. This was a negative instruction to tell the jury that an issue was not in the case rather than to tell the jury that an issue was in the case. Consolidated Electric Coop. v. Panhandle E. Pipeline Co., 8 Cir., 189 F.2d 777. It would include some comment on the evidence and this is addressed to the court's discretion. Virginian Ry. Co. v. Armentrout, 4 Cir., 166 F.2d 400, 4 A.L.R.2d 1064. It might have tended to influence the jury to accept evidence of the defendant as against that of the plaintiff. Jack v. Craighead Rice Milling Co., 8 Cir., 167 F.2d 96. For these reasons, it must be held that the court did not abuse its discretion in refusing the last sentence of requested instruction No. 7.

The defendant cites Texas & Pacific Ry. Co. v. Behymer, supra, for the principle that the customary procedure is presumptively proper. What the court said in that case is: "What usually is done may be evidence of what ought to be done, but what ought to be done is fixed by a standard of reasonable prudence, whether it usually is complied with or not." That case has been cited many times for that point. See Chicago, Rock Island & Pacific Railroad Co. v. Lint, supra, and Sears, Roebuck & Co. v. Daniels, 299 F.2d 154, 159 (8th Cir.). In Schillie v. Atchison, Topeka & Santa Fe Railway Co., 8 Cir., 222 F.2d 810, doubt was raised about the admission of evidence that no accidents in the past had occurred as a result of the customary operation. The Lint decision was said to be based on Minnesota law. Whether or not this was an issue of substantive law making state law inapplicable was not discussed. However, this was not critical to the determination in the Lint case and is not critical to the decision in this case. It is sufficient to say that under the circumstances reasonable prudence would require doing the work in a manner to compensate for the weather and the curve in the track. The jury could find that this required a deviation from normal in order to have a reasonably safe place to work and to be reasonably sure that the equipment would work in a sufficient manner.

The defendant discusses some factors which are claimed to have put the cause of the injury upon the appellee's actions. The Federal Employers' Liability Act is a comparative negligence act. Unless it can be said that the appellee's alleged negligence was as a matter of law the sole cause of the injury, then the court would have to inquire into the sufficiency of the damages. This court has declined to do that. Solomon Dehydrating Company v. Guyton, 8 Cir., 294 F.2d 439. In this case, it cannot be said that the appellee's acts constituted as a matter of law the whole cause of the accident. There was little evidence of negligence on the part of the appellee.

He was not the foreman. Atlantic Coast Line R. Co. v. Davis, 279 U.S. 34, 49 S.Ct. 210, 73 L.Ed. 601, does not stand for the position urged by the defendant. In that case, the injured person voluntarily abandoned the safe position on the running board which he at first assumed and placed himself in a position of extreme danger. Manifestly, that rule does not fit the facts of the present case. Also, in Atlantic Coast Line R. Co. v. Davis, supra, there was a question whether the injured person was an employee of the railroad. Also, the court found no evidence of negligence on the part of the railroad. In the present case, it would be of no particular significance that the appellee knew of the condition because he had to work in the dangerous area and he doesn't assume the risk of his employment.

The defendant's third point in this appeal raises the question of whether the court erred in failing to define the issues and in refusing the defendant's requested instructions. The defendant states that its requested instructions Nos. 1, 4, 6, and 11 were given, that the substance of No. 2 was given, and that probably the sense of Nos. 9 and 12 were given by the trial court. Clearly, the evidence did not warrant the giving of requested instruction No. 8 nor No. 5. Requested instruction No. 7 was improper and not warranted by the evidence.

Requested instruction No. 3 paraphrased was a request that the jury be instructed "that negligence must consist of some specific act or omission." In this respect, the court charged the jury that: "Negligence is the doing of something which a reasonable person would not do, or the failure to do something which a reasonable person would do under the circumstances." It is difficult to see what the defendant means when it says that the important part of requested instruction No. 3 was refused. The paraphrased part was set out in the defendant's brief, and undoubtedly the part considered important by the defendant. This was in substance given by the court.

The court used the word "something" instead of the words "any act or omission." The court must only set out the law in a form not misleading to the jury. The instruction the court gave was the model instruction. Jury Instructions and Forms for Federal Civil Cases, by Hon. William C. Mathes. Also, the trial court's definition was a definition of negligence which has been approved in many Federal Employers' Liability cases. See Eckenrode v. Pennsylvania R. Co., 3 Cir., 164 F.2d 996; Tiller v. Atlantic Coast Line R. Co., supra; and 45 U.S.C.A. § 51, Note 29, and cases cited therein. Negligence in this type of case is determined by federal law. Siegrist v. Delaware, Lackawanna & Western R. Co., 2 Cir., 263 F.2d 616. It is not necessarily the same as common law negligence. Slaughter v. Atlantic Coast Line Railroad Company, 112 U.S.App.D.C. 327, 302 F.2d 912; Owens v. Chicago, Rock Island & Pacific Railroad Co., 10 Cir., 292 F.2d 696.

As to requested instruction No. 13, the court did charge the jury that the properties where the plaintiff would discharge his duties did not have to be maintained in a perfect condition. This language was also requested in No. 6. The court instructed on this point by saying that the past experience respecting a device may properly be drawn up. The court further told the jury that the insufficiency of the equipment had to be due to the negligence of the railroad. Thus, the court amply covered the substance of requested instruction No. 13.

Requested instruction No. 10 reads:

"In measuring the standard of care, it is not fair to take a point of view after the accident and impute negligence from the light of after-events. In measuring the standard of care, the point of view to be taken should be that before the accident occurred to see what, in the light of the facts then known, should have been anticipated."

In instructing on this point, the court said:

"Whether or not a duty has been violated depends upon the risks of the situation, the dangers known or reasonably to have been anticipated, and all of the existing circumstances.

"In measuring the duty to anticipate—that is, in considering how much and how far the defendant railroad company ought to go in foreseeing and guarding against possible mishaps—the past experience respecting the device or situation in question may properly be drawn upon."

Request No. 10 was not a correct statement of the law. The railroad's duty is not limited to anticipating dangers that it knows of only, but must anticipate dangers also from facts which reasonably it should have known. Chicago, Rock Island & Pacific Railroad Co. v. Lint, supra, may have some bearing upon requested instruction No. 10 in that in that case an identical instruction was requested. The court there while acknowledging that the requested instruction was not a model one, did say that it was substantially correct and that the substance thereof should have been given by the trial court. The court pointed out that the standard is "knew, or by the exercise of due care should have known." This is a correct statement. Ringhiser v. Chesapeake & Ohio Ry. Co., 354 U.S. 901, 77 S.Ct. 1093, 1 L.Ed.2d 1268. The words of the requested instruction "as in the light of the facts then known, should have been anticipated" would not be quite right. Therefore, the court in the Lint case did not require that the requested instruction be accepted verbatim and in this case it was not error not to accept the instruction verbatim. The requirement is that the court give the substance of the requested instruction if it soundly appears that the instruction is needful to enable the jury to intelligently determine the question. The court did correctly give the substance of requested instruction No. 10.

The court also instructed the jury that in measuring the duty of the defendant to anticipate, it was the past experience which was to be drawn on. The court charged that the jury could consider that no accident of this kind had been known to occur in the past as bearing on what should have been foreseen. Whether this was error on the part of the defendant is not before the court.

The defendant claims that the court failed to define the issues, but states that if the court had given the requested instructions, the issues would have been defined. The simple answer to this is that the court did give every requested instruction or the substance thereof except those which were not warranted by the record.

It is the law that as against a mere general or abstract charge, a party is entitled to specific instruction on his theory of defense if there is evidence to support it and a proper request for such instruction is made. Chicago, Rock Island & Pacific Railroad Co. v. Lint, supra; Chicago & N. W. Ry. Co. v. Green, supra.

In the present case, the instructions were not a mere general or abstract charge. The court did not make undue comment on the evidence, but a court must be careful if it attempts to tie the principles of law to the facts. Sperber v. Connecticut Mut. Life Ins. Co., 140 F.2d 2 (8th Cir.). A charge in a negligence case is always somewhat in the abstract especially in the federal court where specifications of negligence need not be pleaded.

The defendant argues that it was handicapped in argument by reason of the court not defining the issues. This point was not perfected on appeal as the record on the argument was not presented to the Appellate Court. In any event, discovery procedures, not the court's comment on the evidence, is what is designed to prevent counsel from surprise. It was not shown wherein the appellee's counsel argued any facts as a

basis for negligence which were not in the record and warranted by the law.

The fourth issue is whether or not the trial court was in error in charging the jury to determine the following: "Was the defendant negligent in respect to the matters which are claimed to have caused the accident?" It is the form or wording of the instruction which is objected to. The defendant realizes some such instruction is usually given. The model instruction states the issue in the terms: "Was the defendant negligent?" Jury Instructions and Forms for Federal Civil Cases, Hon. William C. Mathes. Sometimes the issue is stated: "Was the defendant negligent in the manner charged and explained in the instruction?" This issue covers some of the same subject matter as was raised in the defendant's third contention. The court did define the theories of negligence in this case. The question is whether the court should have defined the factual situation upon which negligence could be based.

In Union Pacific R. Co. v. Hadley, 246 U.S. 330, 38 S.Ct. 318, 62 L.Ed. 751, the court said:

"On the question of its negligence the defendant undertook to split up the charge into items mentioned in the declaration as constituent elements and to ask a ruling as to each. But the whole may be greater than the sum of its parts, and the Court was justified in leaving the general question to the jury if it thought that the defendant should not be allowed to take the bundle apart and break the sticks separately, and if the defendant's conduct viewed as a whole warranted a finding of neglect. Upon that point there can be no question."

In Blair v. Baltimore & O. R. Co., 323 U.S. 600, 65 S.Ct. 545, 89 L.Ed. 490, the court said:

"The negligence of the employer may be determined by viewing its conduct as a whole. Union Pacific R. Co. v. Hadley, 246 U.S. 330, 332, 333 [38 S.Ct. 318, 62 L.Ed. 751].

And especially is this true in a case such as this, where the several elements from which negligence might be inferred are so closely interwoven as to form a single pattern, and where each imparts character to the others."

These cases held that the court was not required in this type of case to attempt to delimit the several factual situations wherein the jury may find negligence. Whether a court is required to define the issues may depend on the complexity and the protracted character of the case. There is some discretion in the trial court. Although this presents a close case, it cannot be said that the defendant has shown that the discretion was clearly abused. In Daugherty v. May Brothers Company, 265 Minn. 310, 121 N.W.2d 594, the defendant in that case objected on appeal to the court's enumeration of the issues of negligence. The court there correctly stated the general rule that a trial court must define the issues in the jury instructions. Other cases on this point are: Alaska Airlines v. Oszman, 9 Cir., 181 F.2d 353; Norfolk & W. Ry. Co. v. Trautwein, 6 Cir., 111 F.2d 923; Cherry v. Dealers Transport Co., D.C., 64 F.Supp. 682.

The use of the phrase "which are claimed to have caused the accident" might be criticized in allowing the jury to speculate on matters not in evidence. The court must in the instructions limit the jury's consideration to the relevant pleadings and the evidence. The court's charge in this respect may be somewhat remiss. However, the defendant did not produce any jury argument or anything else wherein this instruction could be found to have prejudiced the defendant in this case.

The court's instructions in this case were plenary. They covered all the issues necessary for the jury to decide the questions presented. They included the substance of all the reasonable requests made by the defendant.

Judgment affirmed.