UNITED STATES of America, Appellee,

v.

Seymour **ROSENFIELD** Appellant.

No. 72–1464.

United States Court of Appeals, Third Circuit.

Argued Oct. 6, 1972.

Decided Nov. 6, 1972.

B. Nathaniel Richter, Richter, Syken, Ross & Grant, Philadelphia, Pa., for appellant.

Michael B. Hepps, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before SEITZ, Chief Judge and HASTIE and HUNTER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

A jury found appellant guilty of wilfully failing to file tax returns in violation of 26 U.S.C. § 7203. Appellant's defense was that he believed that he did not have to file if he did not have the money to pay the tax, and he did not have the money to pay.

The Government introduced evidence of appellant's income for the years in question. After appellant had testified that he was married, the Government was permitted to cross-examine him to show that he was, in fact, divorced. The Government then devoted a portion of its closing argument to appellant's false statement.

Appellant presents several arguments to justify a reversal. None of them do, and we will consider them seriatim.

## EVIDENCE OF APPELLANT'S INCOME

Appellant contends that it was error to introduce the evidence of the amount of his income because it was evidence of a crime for which he had not been charged, i. e., tax evasion. The jury's verdict may thus have been based on an offense not charged in the indictment and which appellant was not prepared to defend. Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1959).

■ The evidence was properly admitted by the district court. There is no question that the appellant's income was evidence of another crime. The central question, though, is whether it is relevant to an element of the crime charged. Such evidence is very probative as to the element of wilfulness. United States v. MacLeod, 436 F.2d 947 (8th Cir. 1971), cert. denied, 402 U.S. 907, 91 S.Ct. 1378, 28 L.Ed.2d 647 (1971). The district court admitted that evidence solely as to wilfulness and gave a jury charge to that effect to which appellant did not object.

## DIVORCE

■ Appellant testified on direct examination that he was married. He argues that it was improper for the Government to ask him during cross-examination whether he was divorced.

There is nothing in this argument to justify a reversal. Appellant introduced this matter, and it was certainly proper for the Government to impeach him on it. See, e. g., Sleek v. J. C. Penney Company, 324 F.2d 467, 474 (3d Cir. 1963); Mintz v. Premier Cab Ass'n, 75 U.S.App. D.C. 389, 127 F.2d 744 (D.C.Cir.1942); C. T. McCormick, Handbook of the Law of Evidence 43 (1954). Its use of appellant's false statement was confined to reasonable limits and was relevant to appellant's credibility.

## JURY CHARGE

■ Appellant claims that the jury charge on the issue of wilfulness was incorrect because it does not meet the standards set in prior court decisions.[1]

---

1. The Court gave the following charge:
   "The specific intent of wilfulness is an essential element of the crime of failure to file an income tax return. The word 'wilfully' used in connection with this offense means deliberately and intentionally, and without justifiable excuse, or with the wrongful purpose of deliberately intending not to file a return which defendant knew he should have filed, in order to prevent the Government from knowing the extent of his tax liability.

   "Defendant's conduct is not wilful if he acted through negligence, inadvertence or mistake, or due to his good faith misunderstanding of the requirements of the law. Even gross negligence is not

*See, e. g.,* United States v. Murdock, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381 (1933); Edwards v. United States, 321 F.2d 324 (5th Cir. 1963); United States v. Palermo, 259 F.2d 872 (3d Cir. 1957). 10 Mertens, Law of Federal Income Taxation § 55A.09 (1958). He particularly objects to that portion of the charge which deals with "ignorance of the law." He argues that the charge was given in such a manner that if the jury had believed his defense, it would not have found him innocent.

After having examined the charge, we conclude that it meets the applicable legal standards.

▇ Ignorance of a crime is no excuse, but ignorance of a duty may be where, as here, wilfulness is an element of the crime. Yarborough v. United States, 230 F.2d 56 (4th Cir. 1956). The district court charged:

" 'Wilfully' . . . means . . . with the wrongful purpose of deliberately intending not to file a return *which defendant knew he should have filed . . .* ." (emphasis added.)

If the jury had believed appellant's testimony, they could have found he did not know he had a duty to file.

Appellant admits the district court would have been correct if it had "instructed the jury that it must first find that the defendant knew of the duty to file on or before April 15, whether or not he paid the tax due at that time,

and if they found he was *inadvertent, mistaken, negligent* or *ignorant of the entire duty,* he should be found not guilty." (emphasis added). And yet the court charged: "Defendant's conduct is not wilful if he acted through *negligence, inadvertence* or *mistake,* or *due to his good faith misunderstanding of the requirements of the law.*" (emphasis added).

▇ Clearly the jury could have found appellant not guilty if they had believed him when he testified that he thought he did not have to file if he could not pay.

▇ Appellant's next contention is that it was reversible error for the district court not to relate the facts to the law in its charge to the jury. Such a failure can constitute reversible error in appropriate circumstances. Choy v. Bouchelle, 436 F.2d 319 (3d Cir. 1970); Pritchard v. Liggett & Meyers Tobacco Co., 350 F.2d 479 (3d Cir. 1965); Atkinson v. Roth, 297 F.2d 570 (3d Cir. 1961); McNello v. John B. Kelly, Inc., 283 F.2d 96 (3d Cir. 1960).

▇ While the district court did not relate the appellant's defense to the legal standards in the charge, it was not in error. The case was uncomplicated, the only issue was that of wilfulness, and there was little possibility that the jury was unable to understand appellant's defense or to evaluate it with regard to the applicable law. These factors distin-

---

sufficient to constitute wilfulness. A failure to act is wilful if voluntary and purposeful and with the specific intent to fail to do what the law requires to be done, that is, with the bad purpose to disobey or disregard the law. You, the jury, must decide whether the defendant's failure to file returns was wilful.

"In this case while it is true that the failure to file the returns must be the wilful result of some bad intent, such as an intent to conceal taxable income from the Government or delay the assessment and collection of taxes, specific knowledge that this conduct has in fact been made a criminal offense is not necessary to the offense. As long

as the inexcusable intent is present, it is not necessary that the defendant know that his conduct is subject to criminal penalties. This is what is meant by old saying, 'Ignorance of the law is no excuse,' and it applies in this case.

"This is not to say that the defendant would have committed any crime if he were totally ignorant of the requirement under the tax laws to file a return, and had not so filed, but only that, as long as it appears that the defendant knew of the obligation and failed to file as the result of some bad intent. It is no defense that defendant was not aware of the criminal penalties for his failure to file."

guish the present case from those previously cited, all of which were much more complicated. Compare Choy v. Bouchelle, *supra;* Pritchard v. Liggett & Meyers Tobacco Co., *supra;* Atkinson v. Roth, *supra,* and McNello v. John B. Kelly, Inc., *supra,* with Chicago & North Western Railway Company v. Rieger, 326 F.2d 329 (8th Cir. 1964), cert. denied, 377 U.S. 917, 84 S.Ct. 1182, 12 L.Ed.2d 186 (1964); [2] Cohen v. Western Hotels, Inc., 276 F.2d 26 (9th Cir. 1960).

 Appellant belatedly filed the returns for the years in question. The Government used the figures on these returns to show the amount of his income. Appellant claims that it was prejudicial for the Government to ask him whether those income tax returns were correct because this suggested that the returns were inaccurate. This argument is without merit.

The judgment of the district court will be affirmed.

2. "The question is whether the court should have defined the factual situation upon which negligence could be based. . . . Whether a court is required to define the issues may depend on the complexity and the protracted character of the case. There is some discretion in the trial court." Chicago & North Western Railway Company v. Rieger, 326 F.2d 329, 337 (1964), cert. denied, 377 U.S. 917, 84 S.Ct. 1182 (1964).