**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Charles Richard HALLER,**
**Defendant-Appellant.**

**No. 74–2706.**

United States Court of Appeals,
Ninth Circuit.

Aug. 12, 1976.

---

**3.** In view of our holding, it is unnecessary to rule upon the government's alternative claim that the search was a proper inventory search.

It may be said, however, that the record does little to support this claim.

Norman Sepenuk (argued), Portland, Or., for defendant-appellant.

Charles H. Turner, Asst. U. S. Atty., Portland, Or., for plaintiff-appellee.

Before BROWNING and TRASK, Circuit Judges, and FIRTH,* District Judge.

PER CURIAM:

Appellant Haller appeals his conviction of willfully failing to file income tax returns for the years 1967, 1968, and 1969, in violation of 26 U.S.C. § 7203. We affirm.

---

* Honorable Robert Firth, United States District Judge, Central District of California, sitting by designation.

■ 1. Appellant contends that, since he was charged only with failure to file and not with failure to pay, the district court erred in permitting the government to introduce evidence of an increase in appellant's net worth for the years 1966 through 1972.

Appellant conceded that he knew the tax was due. His defense was that his failure to file was not willful because he was unable to pay the tax and thought he could not file a return without tendering the tax. In view of this defense, evidence of appellant's net worth was admissible to rebut appellant's contention that he was unable to pay. *United States v. Rosenfield,* 469 F.2d 598, 600 (3rd Cir. 1972). The fact that the increase in appellant's net worth may have been due to appreciation, gifts, and other nontaxable or unrealized income did not make the net worth statements any less probative on this issue. *United States v. Walker,* 479 F.2d 407, 408–09 (9th Cir. 1973), is therefore distinguishable. Walker's defense was not that he could not pay, but rather that he thought no tax was due. Walker's ability to pay was not relevant to this defense; and proof of an increase in Walker's net worth would have been relevant only if it were shown that the increase reflected taxable income.

Net worth statements relating to the years immediately after 1969 were also admissible. The fact that appellant did not file the returns, when he later acquired the funds to do so, casts doubt on his defense that he failed to file because he thought he was not allowed to do so unless he could pay the tax. The relevance of net worth statements relating to the period preceding the critical years is more remote; but in the context of the whole evidence they were insignificant.

Appellant waived the objection that the September 1969 statement included his wife's net worth as well as his own by failing to raise it at trial.

Evidence of substantial expenditures by appellant in the period following the years for which he failed to file was admissible on the same theory as the net worth statements relating to these years.

■ 2. Appellant asserts that certain remarks of the Assistant United States Attorney in closing argument were improper and prejudicial. Appellant did not object at trial, nor did he request corrective instructions. Though perhaps excessive, the arguments were not plain error, particularly when viewed in context. *United States v. Perez,* 491 F.2d 167, 173–74 (9th Cir. 1974).

■ 3. We agree that the instruction on good reputation (taken from the 1970 version of E. Devitt & C. Blackmar, Federal Jury Practice and Instructions § 11.30) was grammatically incorrect and confusing. We also agree "that evidence of good character may be sufficient alone to create a reasonable doubt of guilt . . ., but we cannot agree that the court's instructions, read as a whole, failed to inform the jury of this principle adequately and fairly." *Weedin v. United States,* 380 F.2d 657, 660 (9th Cir. 1967). The instructions informed the jury that it was to consider evidence of good reputation "along with all the other evidence in the case," and that "[i]n determining whether or not sufficient intent exists, you may consider all of the facts and circumstances surrounding the case and the evidence in the case."

4. Read as a whole, the instructions also covered the essence of appellant's requested instruction on the effect of his financial circumstances at the time the returns were due.

Affirmed.